CHARLES DAVIS & another *vs.* CHARLES W. GALLOUPE.

The plaintiffs, stone cutters, agreed in writing with the defendant to furnish stone for his building according to the plans and specifications of an architect, and to do all the fitting and rebating necessary. Wooden patterns were necessary for cutting the stone according to the plans, and the plaintiffs procured and paid for them, without asking the defendant or the architect to furnish them. *Held,* in an action to recover the amount paid for these patterns, that evidence of a usage for stone cutters, in cutting stone for a building, to procure such patterns and recover the cost from the owner of the building, was inadmissible; and that the plaintiffs could not recover.

CONTRACT by Charles Davis and George W. Goodrich, on an account annexed. The defendant admitted his liability on all the items, except on one of " Cash paid for patterns, $170.35."

At the trial in the Superior Court, before *Dewey,* J., it appeared that the plaintiffs furnished the granite for the defendant's building under the following contract, signed by the parties :

" This agreement, made the twenty-second day of May 1869, by and between Charles W. Galloupe, of the first part, and Davis and Goodrich, granite dealers, of the second part, witnesseth, that whereas, the party of the first part is about to erect a granite front and side building on his estate, No. 562 Washington Street, and the party of the second part are desirous of furnishing, cutting and delivering the granite required for the same ; now it is hereby mutually understood and agreed by and between the aforesaid parties that the party of the second part may furnish all the granite required to erect, finish and complete the front and side of said building, according to the plans and specifications furnished by N. J. Bradlee, architect, and which plans and specifications are hereby annexed, signed and made a part of this agreement, which granite is understood and agreed to be of Concord for the front on Washington Street and return of pavilion on Harvard Street, with two belts of the same on Harvard Street, and all the other granite required to be of Rockport, and all the granite is to be clear and free from saps and flaws of any kind, fine hammered and dabbed, with lewis and clamp holes cut in each stone, and delivered on the premises as fast as the architect

may require, and all the jobbing, fitting and rebating necessary. All the granite and requirements above specified the party of the second part agree to furnish for the sum of seventeen thousand dollars, to be paid to them or their representatives by the party of the first part in such sums and at such times as the architect aforesaid may deem safe and proper. And the party of the first part, in consideration that the party of the second part well and faithfully perform their part of this agreement, as above specified, and to the full and entire satisfaction of the architect aforesaid, will pay for the same to the party of the second part the sum of seventeen thousand dollars, on the terms and conditions above expressed."

Evidence was introduced to show that the use of certain wooden patterns was necessary for the plaintiffs in properly cutting portions of the granite, according to the plans furnished by the defendant's architect; that the plaintiffs procured such patterns, and paid therefor $170.35; and that they never requested the defendant nor his architect to furnish them. The plaintiffs were allowed, against the defendant's objection, to introduce evidence tending to show the existence of a usage whereby granite dealers might, in cutting granite for a building, furnish themselves with such patterns and recover the cost from the owner of the building, where the contract between the parties did not provide for them.

The defendant asked the judge to rule that if the alleged usage was established, the plaintiffs could not recover the amount paid for patterns, being excluded therefrom by their agreement under the contract. But the judge refused so to rule, and instructed the jury that it was competent for them to consider the evidence of such usage, and that the defendant might be bound by such usage. He gave proper instructions to the jury as to the evidence necessary to establish a usage and to make it binding on the defendant.

The jury returned a verdict for the plaintiffs for the full amount claimed, and the defendant alleged exceptions.

*W. G. Russell*, for the defendant.

*N. B. Bryant*, for the plaintiffs.

CHAPMAN, C. J. By the express terms of the contract set forth, the plaintiffs were to furnish the granite mentioned according to the plans and specifications furnished by the architect named, as fast as he might require, and all the fitting and rebating necessary, and were to do it for the sum named. The defendant was to pay the price specified, on the terms and conditions expressed, but did not agree to furnish any patterns. It appears that it was necessary to have such patterns; but this was necessary as an incident to the performance of their work by the plaintiffs according to their contract, in the same sense that it was necessary to have tools and workmen. As the plaintiffs actually prepared the patterns, it is obvious that it was not necessary that the defendant should furnish them to enable the plaintiffs to do the work. By the legal construction of such a contract, the plaintiffs were to furnish the patterns. A usage that the defendant should pay for them would be contrary to the terms or construction of the contract, and therefore would not not be valid. *Potter* v. *Smith*, 103 Mass. 68. *Exceptions sustained.*