(41 Misc. Rep. 451.)

### TOLMIE v. FIDELITY & CASUALTY CO.

(Supreme Court, Trial Term, New York County. September, 1903.)

1. EMPLOYER'S LIABILITY POLICY—CONSTRUCTION.
    An employer's liability policy indemnified the assured against liability for injuries to his employés or the public by the assured or by his workmen, but not those caused by a subcontractor or a subcontractor's workmen. *Held*, that such policy could only be enforced by proof that the injury sued for was not caused by a subcontractor or by his workmen.

2. SAME—ACTION AGAINST INSURED—FAILURE TO DEFEND.
    Where, in an action brought by a city against one insured by an employer's liability company on an undertaking given by the assured to

indemnify the municipality against any claim made against it because of injuries, whether groundless or otherwise, the insurance company failed to defend, it does not preclude the company from asserting its freedom from liability under a provision of the policy exempting it from liability if the injury was caused by a subcontractor of the assured, or a subcontractor's workmen, as that fact would be no defense to an action brought by the municipality on the bond.

Action by Mundo Tolmie against the Fidelity & Casualty Company on an employer's liability policy. Judgment for defendant.

Kellogg & Rose, for plaintiff.

Nadal, Smyth, Carrere & Trofford, for defendant.

GREENBAUM, J.   This action is brought by the plaintiff, as surviving partner of the firm of Wood & Tolmie, against the defendant, upon an employer's liability policy issued June 15, 1895, under which, among other things, the defendant agreed to indemnify the assured against liability for damages on account of fatal or non-fatal injury accidentally suffered by any employé or employés of the assured, and, further, by a rider attached to and forming part of the said policy, against liability of the assured to workmen employed by other contractors and to the public, arising out of personal injuries caused by the assured or by the assured's own workmen, "but not caused by a contractor's or subcontractor's workmen." On November 2, 1895, the assured entered into a contract with the city of New York for the construction of a public overlook in Corlears Hook Park. By that agreement the assured undertook to keep the place "properly guarded for the prevention of accidents and at night to put up and keep suitable and sufficient lights." They further agreed to "indemnify and save harmless [the city] against and from all suits and actions of every name and description brought against it and all costs and damages to which it may be put by reason or on account of any injuries or damages to the person or property of another by or from the said contractors, their servants or agents, in the construction of said work or by or in consequence of any negligence in guarding the same, or of any improper material used in its construction, or by or on account of any act or omission on the part of the said parties of the second part, or their agents." It was further agreed, under said agreement, that the city might retain from moneys due to the contractors such sums as might be deemed necessary by its commissioners "until all suits or claims for damages as aforesaid shall have been settled, and evidence to that effect furnished to the satisfaction of said commissioners." On the 6th of November, 1895, the assured entered into a contract with M. Kane & Son, under which the latter agreed to do all the excavating, grading, etc., necessary to complete the building known as "Overlook," Corlears Hook Park, on or before the 19th day of November, 1895. In that agreement M. Kane & Son undertook "to be responsible for any accident caused to persons or property through inattention on our part, defective materials or the carelessness or neglect of our workmen while in the performance of this contract, and to be responsible for the violation of any laws or corporation ordinances."

On November 19, 1895, one McGann fell into an unguarded excavation on the premises and was injured. Notice of the occurrence of that accident was given to the defendant, but no claim for damages for the injuries was made by McGann against Wood & Tolmie. An action was, however, begun by the former against the city of New York in February, 1896, which resulted in a judgment in favor of the plaintiff against the city in the sum of about $1,700. The city of New York had served notice of "vouching in" upon the plaintiff's firm, whereby they were required to come in and defend, and due notice was given to the defendant of the claim thus made upon plaintiff's firm. The defendant refused to recognize any liability under its policy with the plaintiff. The attorney for the defendant, however, as the jury has found in this case, upon a special issue submitted to it upon the trial, appeared in said action and tried the case on behalf of the city. During the pendency of the action against the city, the plaintiff, in order to release the moneys retained by the city under the provision of its contract, executed a special undertaking, with sureties, in which, after reciting that the claim for damages made by the said McGann is without merit, and, if he actually received injury, it was due entirely to his own negligence, and not to the carelessness and negligence of the said contractors, the plaintiff agreed to "indemnify and save harmless the said Mayor," etc., "against all loss, damage, costs, charges and expense to which they may be put, or which may be recovered against them, or either of them, by reason of said claim, whether groundless or otherwise, for damages, made by said James McGann, and said action brought by him to recover damages against the said Mayor," etc., "and against any and all actions, whether groundless or otherwise, which may be brought by the said McGann against the said Mayor," etc., "and will pay, satisfy and discharge any and all judgments which may be recovered by the said James McGann against the Mayor," etc., "in any such action or actions, together with all costs, charges, interest and expenses therein or connected therewith." The judgment against the city was entered on the 14th day of May, 1898, and on or about the 6th of January, 1899, the city brought an action against this plaintiff, as defendant, and his sureties, upon the special undertaking above recited, to recover the sum of $1,770 paid to McGann under the judgment. Of this second action the defendant received telephonic notice, but likewise refused to intervene on behalf of the assured. This action was subsequently settled, and the claim paid, on October 24, 1900. The present action was begun on November 5, 1900, and by it the plaintiff seeks to recover the sum of $1,500, being the amount of the policy of indemnity first above described. Upon the close of the trial the jury were directed to render a verdict upon two specific questions: First. Did Mr. Smyth, one of the attorneys for the defendant, defend the action of McGann against the city of New York solely for the city, or on behalf of the plaintiff? Second. Did the plaintiff, through Mr. Kellogg, give notice to Mr. Smyth of the commencement of the action by the city against the plaintiff over the telephone? The jury rendered a verdict by finding in answer to the first that Mr. Smyth acted solely

for the city, and by giving an affirmative answer to the second question. This verdict was taken subject to the opinion of the court, pursuant to section 1185 of the Code of Civil Procedure.

The plaintiff contends that by reason of the failure and refusal of the defendant to defend the actions on behalf of the plaintiff brought by McGann against the city, and by the city against the plaintiff, it cannot now question the plaintiff's liability for damages on account of the injury sustained by McGann. The plaintiff upon the trial introduced in evidence the judgment roll in the case of McGann against the city, but offered no proof dehors the record as to how the accident happened; that is, whether by the negligence of himself or of his employé, or that of the subcontractor or his workmen. The policy indemnified the plaintiff only against liability for personal injuries received by the public, "caused by the assured or by the assured's workmen, but not caused by a subcontractor or a subcontractor's workmen." It follows, therefore, that unless the plaintiff proves that the injury, and hence his liability, resulted only from the negligence of himself or of his employé, and unless the plaintiff proves, as alleged in his complaint, that McGann's injury was not caused by a subcontractor or a subcontractor's workmen, no recovery can be had against the defendant. Mayor v. Brady, 151 N. Y. 611, 45 N. E. 1122. The proofs show that McGann was injured by falling into the excavation, which was unguarded, and that this excavation was part of the work which Kane & Son, the subcontractors, had agreed with the plaintiff to do, and there was no evidence that the work of the subcontractor had been completed at the time. It may well be that the negligence of the subcontractor or his workmen was the cause of the accident. Mayor v. Brady, supra, recognizes the necessity of independent proof as to the negligence of the contractor in order to establish that fact in this action, and that such fact is not shown by merely putting in evidence the judgment roll against the city. The complaint in that action does not even charge negligence of this plaintiff or his agents. This omission in the proofs, I think, is fatal to a recovery in this action.

Another serious objection to plaintiff's claim is the fact that the recovery against the plaintiff by the city was had by reason of an action brought upon the undertaking given for the purpose of procuring a release of moneys tied up by the city, in which the plaintiff agreed to indemnify and hold harmless the city from and against any claim on account of the injuries to McGann, "whether groundless or otherwise," and "to pay and discharge any judgment recovered on account of such claim, whether groundless or otherwise." It is a complete answer to the contention that the defendant's failure to defend the action brought by the city against the plaintiff on the undertaking precludes the defendant from questioning the liability of the plaintiff on account of a claim for damages arising from injuries within the contemplation of the policy, to say that any defense which the defendant might have interposed in that action, based upon the absence of negligence of this plaintiff, or upon the negligence of a subcontractor or his workmen, would have been futile. It would not have been available in that action, because the undertaking bound

plaintiff, whether the claim of McGann was "groundless or otherwise."

In view of my conclusions on the points discussed, it becomes unnecessary to refer to the other interesting questions raised in this case. A judgment is directed to be entered for the defendant, with costs.

Judgment for defendant, with costs.