EVANSVILLE ICE AND STORAGE COMPANY *v.* FIDELITY AND CASUALTY COMPANY OF NEW YORK.

[No. 8,966. Filed March 8, 1916.]

1. INSURANCE. — *Liability Insurance.* — *Contracts.* — *Construction.* —The contracts or policies of surety companies engaged in the business of providing indemnity against loss for a money consideration paid by the insured, are to be construed most strongly against the surety and in favor of the indemnity which the insured had reasonable ground to expect. p. 198.

2. INSURANCE.—*Liability Insurance.*—*Exception in Policy.*—*Construction.*—Where the exception in a policy issued by defendant insuring plaintiff against liability for injuries to its employes, when properly construed, exempted the defendant from liability thereon where injury was suffered by any person in connection with the making of additions or repairs to or alterations in any building, structure or plant, plaintiff's claim for money expended for medical aid to an injured employe, and for defending an action brought by such employe, was not within the terms of the policy, in view of the fact that such employe was injured while unloading a coil from a car to be installed in an addition which plaintiff was constructing to its ice plant, though such employe was a general employe not directly engaged either in the construction of the addition or in the installation of the appliances therein. p. 199.

From Superior Court of Vanderburgh County; *F. M. Hostetter*, Judge.

Action by the Fidelity and Casualty Company of New York against the Evansville Ice and Storage Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George A. Cunningham* and *Daniel H. Ortmeyer*, for appellant.

*Albert W. Funkhouser* and *Arthur F. Funkhouser,* for appellee.

.FELT, P. J.—This appeal involves the construction of a contract, or policy for liability insurance, issued by appellee to appellant. The question presented is further narrowed by appellant's admission in its brief that "the sole question presented is whether or not the policy covered the injury to appellant's employe." The suit was brought by appellee to recover certain premiums alleged to be due it on certain insurance policies issued to appellant. To the complaint appellant filed a third paragraph of answer, and also a counterclaim in which the facts set out are substantially identical with those of the third paragraph of answer. The substance of the facts averred in the third paragraph of answer and in the counterclaim is that appellant held a policy duly issued to it by appellee by the terms of which it agreed (1) to indemnify appellant "against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death suffered through the assured's negligence, and as the result of an accident occurring while the policy is in force (a) by any employe or employes of the assured while within the factory, shop, or yard described in the said schedule, or upon the sidewalk or other ways immediately surrounding the same provided for the use of such employes or the public, in and during the operation of the trade or business described in the said schedule; * * * (2) To defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim, whether groundless or not, for damages on account of bodily injuries or death suffered, or alleged to have been suffered, through the assured's negligence, by the persons described in subsections A and B

of the preceding paragraphs at the place and under the circumstances described, and as the result of an accident occurring while this policy is in force." That the policy contains the following provisions, to wit:

"(C) This policy does not cover loss from liability for, or any suit based on, injuries or death suffered or caused by any persons in connection with the making of additions or repairs to or alterations in any building, structure, or plant; or in connection with the construction, wrecking, or demolition of any building, structure, or plant, or any part thereof; but ordinary repairs when made by employes of the assured whose compensation is included in the estimate set forth in the schedule are permitted."

It is also averred in substance that appellant paid to appellee the full amount of the premium on said policy and has complied with all the conditions thereof on its part; that during the period covered by the policy one Charles Smith was in the employ of appellant as a laborer in and about the ice and cold storage plant referred to in the policy, and was one of the employes contemplated and covered by the terms thereof and on whose account, in part, the premium of said policy was estimated and paid; that on May 15, 1911, appellant had contracted for the construction of an addition to its plant, involving the installation therein of certain appliances and machinery, among which was a certain ammonia coil, consisting of a heavy coil of iron pipe of great weight; that it was delivered to appellant's plant on a flat car; that said Smith was not engaged in the construction of the addition or in the installation of the appliances and machinery therein, but was engaged generally as a day laborer by appellant to do such work as he was required to

NOVEMBER TERM, 1915.    197

Evansville Ice, etc., Co. *v.* Fidelity, etc., Co.—61 Ind. App. 194.

do in and about the plant; that in the usual course of his employment he was directed by appellant's foreman to assist in unloading the coil from the car, and in so doing was assisted by other employes of appellant, all of whom were covered by the terms of said policy; that Smith and other employes undertook to remove the coil and, while they were engaged in so doing, it fell from the car upon him knocking him down and breaking, bruising and otherwise seriously injuring his leg, and rendering him wholly helpless; that it was necessary that he be removed to a hospital and given medical and surgical aid; that appellant at once caused him to be removed to a hospital and directed that he be given necessary medical and surgical attention; that appellant paid for his attendance at the hospital the sum of $59 and the further sum of $50 for services of the physician in attendance upon him; that appellant was also required to pay and did pay to Smith his wages for the period of ten weeks at $10.50 a week, amounting to $105. That afterwards Smith brought suit in the Vanderburgh Circuit Court against appellant seeking therein to recover on account of said injuries; that in his complaint he alleged that appellant was guilty of negligence resulting in said injury in this, that appellant did not furnish a sufficient number of men to remove said coil; that as soon as the suit was commenced appellant notified appellee thereof and demanded that it defend the action and save appellant from any expense, cost or liability of any kind on account thereof; that appellee refused to defend the action and denied absolutely any liability on account of the accident under the terms of the policy, and by reason of such refusal appellant was compelled to and did employ attorneys to defend the action, and in so doing incurred an expense and liability for attorney's fees in connection therewith in

198    APPELLATE COURT OF INDIANA,

Evansville Ice, etc., Co. v. Fidelity, etc., Co.—61 Ind. App. 194.

the sum of $150, no part of which has ever been paid by appellee. A copy of policy No. 2016675 is filed with the counterclaim as a part thereof.

A demurrer to each of the pleadings was sustained and appellant refusing to plead further it was agreed that there was due appellee for the balance of premiums on the policies sued on, the sum of $317 and the judgment was rendered in favor of the appellee for that amount. Appellant prayed an appeal which was granted. The errors assigned are the sustaining of the separate demurrers to the third paragraph of answer and to the counterclaim.

It is not claimed that Smith was directly employed in the work of constructing the new addition for which a contract had been made but appellee contends that each of the pleadings shows that the work at which he was engaged when injured was "in connection with" the making of such addition and therefore that liability, if any, for such injury was not covered by the policy by reason of the exception in clause (c) thereof.

The averments fairly construed show that the injured employe was a common laborer in and about appellant's plant; that at the time of his injury he was not engaged in the actual work of constructing the addition to the plant, but in obedience to the orders duly given by appellant's foreman, was engaged in helping other like employes unload a metal coil intended to be used in the addition then under construction. The contracts, or policies, of surety companies engaged in the business 1. of providing indemnity against loss for a money consideration paid by the insured, "when there is room for construction, is to be construed most strongly against the surety and in favor of the indemnity" which the insured had reasonable ground to expect. *United States Fidelity, etc.,*

*Co.* v. *Poetker* (1913), 180 Ind. 255, 263, 102 N. E. 372.   Applying this rule of construction to the provisions of the policy involved in this suit,

2.   it is still apparent that appellee undertook to provide indemnity to appellant for such losses as are designated in the policy which should result from accidents and injuries to employes while engaged in their employment in and about the plant in the usual and ordinary operation thereof, but not when the injury was "caused by any person in connection with the making of additions or repairs to or alterations in any building structure, or plant." The employe, Smith, when injured was rendering a service that was occasioned by and connected with the construction of the addition to appellant's plant, and was not at the time rendering such services as would bring the injury within those contemplated by the parties when the policy was executed.   The losses suffered by appellant as alleged in the third paragraph of answer and in the counterclaim were not, therefore, within the indemnity stipulated in the insurance contract between the parties.   4 Cooley, Briefs on Ins. 3315; *People's Ice Co.* v. *Employer's Liability Assur. Co.* (1894), 161 Mass. 122, 124, 36 N. E. 754; *Woollman* v. *Fidelity, etc., Co.* (1901), 87 Mo. App. 677; *Phillipsburg Horse, etc., Co.* v. *Fidelity, etc., Co.* (1894), 160 Pa. St. 350, 28 Atl. 823; *Tolmie* v. *Fidelity, etc., Co.* (1903), 41 Misc. 451, 84 N. Y. Supp. 1020, 1023; *Hoven* v. *Employer's Liability Assur. Co.* (1896), 93 Wis. 201, 67 N. W. 46, 32 L. R. A. 388.   The court therefore did not err in sustaining the demurrers to the third paragraph of answer and to the counterclaim.   Judgment affirmed.

NOTE.—Reported in 111 N. E. 812.  As to estoppel of employers' liability insurance company to deny liability under contract, see Ann. Cas. 1912 D 909.  See, also, under (1) 25 Cyc Anno. 224e; (2) 25 Cyc Anno. 224f.