MAY TERM, 1922.     529

Fidelity, etc., Co. *v.* Blount Plow Works—78 Ind. App. 529.

## FIDELITY AND CASUALTY COMPANY OF NEW YORK *v.* BLOUNT PLOW WORKS.

[No. 11,208.   Filed October 3, 1922.]

1. INSURANCE.— *Fidelity Bond.— Law Governing.*— A fidelity bond, indemnifying an employer against loss through an employe's fraud, dishonesty, etc., executed for a money consideration, is an insurance contract, and the rights of the surety thereunder must be measured by the law applicable to such contracts. p. 533.

2. INSURANCE.—*Contracts.—Construction.—Ambiguities.*—Where insurance contracts are so drawn as to be ambiguous, or to require interpretation, or are fairly susceptible to two different constructions, so that reasonably intelligent men on reading them would honestly differ as to their meaning, courts will adopt that construction most favorable to the insured. p. 533.

3. INSURANCE.—*Fidelity Bond.—"Wrongful Abstraction."—Construction.—Theft of Automobile in Use Contrary to Employer's Rules.*—A fidelity bond, indemnifying an employer against loss through an employe's fraud, dishonesty, forgery, theft, embezzlement or "wrongful abstraction," covered the loss of the employer's automobile taken by the employe for a personal mission in violation of the employer's rules, during which time it was stolen, the taking of the automobile by the employe constituting a "wrongful abstraction." p. 534.

4. INSURANCE. — *Fidelity Bond. — Construction and Scope. —* Where a fidelity bond indemnified an employer against loss through an employe's fraud, dishonesty, forgery, theft, embezzlement or wrongful abstraction, further provisions for notice to the surety by the employer of any dishonest act and for termination of the bond thereupon, and requiring the employer to render all possible assistance in bringing to justice, prosecuting and convicting criminally the employe, did not show conclusively that the bond covered only dishonest acts. p. 536.

5. INSURANCE.—*Fidelity Bond.—Employe's Abstraction of Property in Violation of Employer's Rules.—Liability of Surety.*— Where a fidelity bond, indemnifying an employer against loss through an employe's wrongful abstraction of property, etc., did not limit liability to abstractions in disobedience to rules or instructions which were known to the surety, it could not

VOL. 78—34

Fidelity, etc., Co. *v.* Blount Plow Works—78 Ind. App. 529.

escape liability for property wrongfully abstracted on the ground that the rule violated by the employe in taking the property involved was private in nature and unknown to the surety.   p. 538.

6. APPEAL.— *Review.— Verdict.— Evidence.— Weight and Sufficiency.*—Where there is evidence of a substantial character which tends fairly to sustain the verdict, the court on appeal cannot weigh the evidence to determine its preponderance, although that tending to sustain the verdict is strongly contradicted and not entirely satisfactory.   p. 538.

7. APPEAL.— *Briefs.— Questions Presented.— Admission of Evidence.—Failure to Show Objections below.*—No question is presented on appeal as to the alleged erroneous admission of evidence where appellant's brief fails to show what objection was made to its admission.   p. 538.

8. TRIAL.— *Instructions.— Incorporating Complaint.*— It is not error to embody the complaint in an instruction, although such a practice should be avoided where the complaint contains much surplusage or many repetitions, and the evidence shows that the facts stated therein are greatly exaggerated, but the fact that certain allegations of the complaint are not supported by the evidence does not, *of itself,* make an instruction containing a recital of such allegations erroneous.   p. 538.

9. APPEAL.— *Review.— Refusal of Instructions.— Limiting Consideration of Evidence.*— In an employer's action against a surety on an employe's fidelity bond which required the employer to furnish information, to render assistance in bringing the employe to justice, and to procure reimbursement from him, and to obtain the surety's consent before making a settlement or compromise, where certain exhibits admitted in evidence bore on these provisions, it was proper for the court to refuse instructions limiting the consideration of such exhibits to the question of demand.   p. 539.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by the Blount Plow Works against the Fidelity and Casualty Company of New York.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Fred Forcht, Zimmerman & Barker* and *McGinnis, Smith & Waller,* for appellant.

*John R. Brill, Frank H. Hatfield* and *John W. Brady,* for appellee.

BATMAN, C. J.—This is an action by appellee against appellant to recover the value of an automobile. The cause was tried on appellee's second paragraph of complaint, which alleges in substance, among other things, that one Selby Huling Sale was in its employ on July 14, 1919, as manager of its branch house at Memphis, Tennessee; that while in its employ on said date, said Sale, after business hours and without its knowledge or consent, took and withdrew from the warehouse of appellee in the city of Memphis, in the State of Tennessee, a certain automobile which was then in its possession, and has wholly failed to return the same to it; that the said automobile had been purchased by appellee for the sole and exclusive use of one of its salesmen in its business in the territory in and around said city of Memphis, namely one H. E. Biggerstaff; that at the time said automobile was taken by said Sale, as aforesaid, it was then in the warehouse of appellee for safekeeping; that it had been placed there by said Biggerstaff, and was then and there under and subject to his exclusive control in his employment and capacity as such salesman; that appellee, when it purchased said automobile for the use aforesaid, and delivered the same to said Biggerstaff, directed the latter to use the same exclusively in the furtherance of its business, and to have and maintain the exclusive charge and control of said automobile for and on its behalf; that the said Sale at all times knew of the aforesaid authority and directions pertaining to the use and control of said automobile upon the part of said Biggerstaff; that said Sale took and withdrew said automobile from the possession and control of appellee, at the time and place aforesaid, and thereafter used the same upon a private and personal mission of his own, namely, in visiting a friend living in said city of Memphis, and that while using said automobile on the personal and private mission aforesaid, it was

stolen from said Sale, and has never since been recovered by him nor by appellee; that said Sale has wholly failed and refused to account to appellee for either said automobile or the value thereof; that through wrongful abstraction of said automobile upon the part of said Sale, as therein averred, appellee has sustained a loss in the sum of $700; that appellant had theretofore executed to it a fidelity bond, which was in full force and effect on said July 14, 1919, by which appellant had agreed to indemnify it against the loss, not exceeding $2,500, of any money or other personal property (including money or other personal property for which the employer is responsible) through the fraud, dishonesty, forgery, theft, embezzlement, or wrongful abstraction, of said Sale, directly or in connivance with others, while he was engaged in the service of appellee, and said bond, a copy of which is made a part of said paragraph of complaint, was in force. To this paragraph of complaint, appellant filed a demurrer for want of facts, which was overruled, and thereupon it filed an answer in general denial. The cause was submitted to a jury for trial, which resulted in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and is now prosecuting this appeal on an assignment of errors, which requires a consideration of the questions hereinafter determined.

Appellant contends that the court erred in overruling its demurrer to appellee's second paragraph of complaint. It bases this contention on the ground that said paragraph does not allege facts which show that the loss of the automobile resulted "through the fraud, dishonesty, forgery, theft, embezzlement, or wrongful abstraction, of Selby Hulings Sale." It may be conceded that the facts alleged do not show that the automobile was lost "through the fraud, dishonesty, forgery, theft, or embezzlement" of said Sale. Therefore we are only

required to consider whether the facts alleged show that it was lost "through the wrongful abstraction" of said Sale.

The paragraph of complaint in question shows that the bond in suit was executed for a money consideration.

1. This fact places such contract in the insurance class, and therefore the rights of appellant thereunder must be measured by the law applicable thereto.    25 C. J. 1089; 4 Joyce, Insurance 4609; *American Surety Co.* v. *Pangburn* (1914), 182 Ind. 116, 105 N. E. 769, Ann. Cas. 1916E 1126.

One of the rules, applicable to insurance contracts, is, that where such contracts are so drawn as to be am-

2. biguous, or to require interpretation, or are fairly susceptible to two different constructions, so that reasonably intelligent men, on reading the same, would honestly differ as to their meaning, courts will adopt that construction most favorable to the insured.    *Aetna Ins. Co.* v. *Strout* (1896), 16 Ind. App. 160, 44 N. E. 934; *Farmers' Mutual* v. *Reser* (1908), 43 Ind. App. 634, 88 N. E. 349; *Commercial Union, etc., Co.* v. *Schumacher* (1919), 71 Ind. App. 526, 119 N. E. 532; *Hessler* v. *Federal Casualty Co.* (1921), 190 Ind. 68, 129 N. E. 325, 14 A. L. R. 1329.    The reason for this rule is based on the fact, that insurance contracts are usually prepared by the insurer, who seeks to so frame them as to limit their scope, and hence it is only fair that any doubt as to the meaning of the language used should be resolved in favor of the insured, in order to avoid the injustice that would often result from a narrow and technical interpretation.    *Federal Life Ins. Co.* v. *Kerr* (1909), 173 Ind. 613, 89 N. E. 398, 91 N. E. 230; *Globe, etc., Ins. Co.* v. *Hamilton* (1917), 65 Ind. App. 541, 116 N. E. 597; *Maxwell* v. *Springfield, etc., Ins. Co.* (1920), 73 Ind. App. 251, 125 N. E. 645.    This rule has been applied in many cases where the rights

of a surety for hire were involved. *United States Fidelity, etc., Co.* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372, L. R. A. 1917B 984; *Title Guaranty, etc., Co.* v. *State, ex rel.* (1915), 61 Ind. App. 268, 109 N. E. 237, 111 N. E. 19; *Evansville Ice, etc., Co.* v. *Fidelity, etc., Co.* (1915), 61 Ind. App. 194, 111 N. E. 812; *American Surety Co.* v. *Pauly* (1898), 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977; *Royal Indemnity Co.* v. *Northern Granite, etc., Co.* (1919), 100 Ohio 373, 126 N. E. 405, 12 A. L. R. 378; *Champion, etc., Co.* v. *American, etc., Co.* (1903), 115 Ky. 863; 75 S. W. 197, 103 Am. St. 356; *City of Topeka* v. *Federal Union Surety Co.* (1914), 213 Fed. 958, 130 C. C. A. 364; *Title Guaranty, etc., Co.* v. *Fulton* (1909), 89 Ark. 471, 117 S. W. 537, 33 L. R. A. (N. S.) 676.

3. Having determined the rule to be applied to contracts like the one in suit, under the circumstances stated, we will now direct our attention to the contract before us, and determine whether such rule must be applied in its construction, because the words "wrongful abstraction" are used in naming the acts of said Sale for which appellant would be liable, in the event they resulted in loss to appellee. Appellant contends that such words must be construed to mean, an abstraction with intent to defraud or injure appellee, which the paragraph of complaint under consideration does not show. We are unable to agree that such words must necessarily be given the meaning for which appellant contends. While a wide range of meaning is given to the words "wrongful" and "abstraction" in the various dictionaries and encyclopaedias, we find that the former is said to imply the infringement of some right, and may result from disobedience to lawful authority, while the latter means to withdraw, remove or take away. In the instant case there is such a showing of a withdrawal or removal of appellee's automobile by

said Sale, as to amount to an infringement of its rights. This being true, we are compelled to hold, under the rule stated above, that the act of said Sale, in taking and using the automobile in question under the circumstances alleged, was a wrongful abstraction of the same, within such meaning of said words. Our conclusion in this regard is in harmony with the rule, which recognizes that the general purpose of fidelity contracts, like the one in suit, is to secure full indemnity, and that such purpose should not be defeated, except by clear and unambiguous limitations, assented to by the parties. *Dominion Trust Co.* v. *National Surety Co.* (1915), 221 Fed. 618, 137 C. C. A. 342, Ann. Cas. 1917C 447.

Appellant, in an effort to lead the court to a different conclusion, has cited the fact that certain dictionaries define the word "abstract," when used as a verb, as meaning: To remove secretly; hence to purloin. The act, operation or process of drawing or dragging away, or otherwise withdrawing any material thing, especially by surreptitious means, as "the abstraction of the purse by the pickpocket was cleverly managed." But conceding that it may be used with such meaning, it may, nevertheless, be used with the meaning first above stated, so that the most that can be said is, that "wrongful abstraction" may be used with or without a dishonest or criminal signification. This being true, under the rule stated above, we must give such words the meaning most favorable to appellee, unless other portions of the bond disclose that they were used with a contrary meaning. It will be observed that the bond recites the acts of said Sale, for which appellant would be liable, in the event loss results therefrom, and after enumerating fraud, dishonesty, forgery, theft and embezzlement, adds the words "wrongful abstraction." From this fact we may assume, that the parties, after using the words fraud and dishonesty, which imply an

evil purpose, and the words forgery, theft and embezzlement, which imply a criminal intent, desired to use an expression which implied neither, and hence chose the words "wrongful abstraction" to cover the acts of said Sale, resulting in loss to appellee, which were merely done without right. We may assume that appellant prepared the bond in suit, and that it knew the various meanings, and shades of meaning, in which the words in question are defined and used, and with such knowledge used the same, without the qualifying clause, "amounting to larceny or embezzlement." Had such a qualifying clause been used, the question we are now considering would be an easy one. The contract, however, was not so written. So to limit it by construction, would be to write something into it, which was omitted when the same was prepared, a thing we are not permitted to do.

Appellant, in a further effort to lead the court to a different conclusion, cites the provisions of the bond which read as follows: "Upon the discovery by the Employer of any dishonest act of the Employee the Employer shall, at the earliest practicable moment, and at all events not later than five days after such discovery, give written notice thereof, addressed to the Surety at its home office. Upon the discovery by the Employer of any dishonest act on the part of the Employee this bond shall terminate * * *. In the event of a claim hereunder, the Employer * * * shall render all assistance, other than pecuniary assistance, that the Employer can render, for the purpose of bringing to justice, prosecuting and convicting criminally the Employee, and for the purpose of enabling the Surety to procure reimbursement from the Employee * * *." We cannot agree that these portions of the bond must be taken as showing conclusively, as appellant contends, that every act of the said Sale,

which the bond was intended to cover, must be a dishonest act. If it had been so intended, it would have been a very simple matter to have added after the words "wrongful abstraction" the further words, "involving dishonesty," or to have otherwise so provided. We can easily imagine reasons for the provisions for early written notice, and a termination of the bond, in case of dishonesty on the part of the employe (which would include acts amounting to fraud, forgery, theft and embezzlement), that would not exist if the acts covered by the bond were merely wrongful, but not dishonest or criminal. Had appellant desired notice, or a termination of the bond, in the event of any act on the part of said Sale, that would create a claim or liability thereunder, such provision could have been easily and clearly expressed, as was in fact done in the sixth and seventh sub-divisions thereof. We attach no particular significance in this connection to the provision quoted, with reference to the rendition of assistance by appellee, in bringing Sale to justice, and securing reimbursement for appellant. For the reasons stated, we conclude that the court did not err in overruling appellant's demurrer to the second paragraph of the complaint.

Appellant contends that the verdict is not sustained by sufficient evidence. It bases this contention in part on the absence of any evidence to show an intent on the part of said Sale to defraud or injure appellee, by taking and using the automobile under the circumstances shown. As we have heretofore indicated, in considering the action of the court in overruling the demurrer to the paragraph of the complaint on which the cause was tried, such intent was not necessary in order to create a liability under the provision of the bond relating to wrongful abstraction.

The contention we are now considering is also based in part on the fact that the instruction or rule, which

it is claimed said Sale violated, in taking and using appellee's automobile under the circumstances and for the purpose shown, was private in its nature, and unknown to appellant. We are of the opinion that this fact is of no consequence, since there are no restrictions in the bond, which would limit appellant's liability for wrongful abstractions, made by said Sale in disobedience to instructions or against the rules of appellee, to those instances where appellant had knowledge of the existence of such instructions or rules.

We have carefully considered the evidence and find some of a substantial character, which tends fairly to sustain the verdict. Where this exists, we cannot weigh the evidence for the purpose of determining its preponderance, although the evidence which tends to sustain the verdict is strongly contradicted and not entirely satisfactory. *Gray* v. *Blankenbaker* (1918), 68 Ind. App. 558, 121 N. E. 84, and cases there cited.

Appellant further contends that the court erred in admitting certain exhibits in evidence, but has failed to present any question with reference thereto, as it does not appear from its brief what objections were made to their admission. *Irvine* v. *Baxter Stove Co.* (1918), 70 Ind. App. 105, 123 N. E. 185; *Templer* v. *Thompson* (1917), 66 Ind. App. 222, 117 N. E. 936; *McCoun* v. *Shipman* (1920), 75 Ind. App. 212, 128 N. E. 683; *Slifer* v. *Williard* (1921), *ante* 88, 131 N. E. 87.

Error is predicated on the action of the court in giving instruction No. 2, requested by appellee, because it recited certain allegations of the complaint, which were not supported by the evidence. It has been held repeatedly that it is not error to embody the complaint in a cause in an instruction given to the jury, although a court should avoid such a prac-

tice where a complaint contains much surplusage or many repetitions, and the evidence shows that the facts stated therein are greatly exaggerated. *City of Indianapolis* v. *Moss* (1920), 74 Ind. App. 129, 128 N. E. 857, and cases cited. The fact that certain allegations of a complaint are not supported by the evidence does not, of itself, make an instruction containing a recital of such allegations erroneous.

Error is also predicated on the action of the court in refusing certain instructions tendered by appellant, in which it sought to have the court limit the purpose for which the jury could consider certain exhibits introduced in evidence, to the question of demand. The court very properly refused to give these instructions, as the bond in suit imposed on appellee, in case it sustained a loss for which appellant was liable, the duty of furnishing information and rendering assistance for the purpose of bringing said Sale to justice, and procuring reimbursement from him. And, moreover, appellee was required, by the terms of such bond, to first obtain the consent of appellant before it could make a settlement or compromise with said Sale, without rendering the same void. The exhibits in question were competent as bearing on these provisions of the bond, and hence the court did not err in refusing to give the instructions under consideration. What we have said in passing upon the action of the court in overruling appellant's demurrer to the second paragraph of complaint, and upon the sufficiency of the evidence to sustain the verdict, serves as an answer to all of the remaining objections made to the action of the court in giving and refusing to give instructions. For the reasons stated we conclude that no reversible error is shown in the action of the court in overruling appellant's motion for a new trial. Judgment affirmed.