SUN INSURANCE CO. ET AL. *v.* CARESKEY,
d/b/a CITY MOTOR MART

[No. 469A71.   Filed August 13, 1970.
No petition for reharing filed.]

*White, Raub, Reis & Wick,* of Indianapolis, for appellants.

*William D. Hall, DeWester, Raftery, Andrews & Hall,* of Indianapolis, for appellee.

SULLIVAN, J.—In the court below, appellee, Robert M. Careskey, d/b/a City Motor Mart, brought an action to recover a money judgment under the terms of a fidelity bond issued by appellant, Sun Insurance Company of New York, to Careskey. The trial court granted Careskey's motion for summary judgment and denied Sun Insurance Company's cross-motion for summary judgment.

The following facts were stipulated for purposes of the hearing upon the respective motions for summary judgment:

On August 6, 1964, there was in full force and effect a certain "Name Schedule Bond" issued by Sun Insurance Company of New York through its local Indiana agent, Decker-Straw Insurance, Inc. The bond indemnified Robert M. Careskey, d/b/a City Motor Mart, against the direct loss of any money or other personal property (not exceeding $2,-500.00) through the fraud, dishonesty, forgery, theft, embezzlement, or wrongful abstraction of any employee (named in the schedule forming part of the bond) acting alone or in collusion with others, while such employee held any position at any place in the service of Mr. Careskey while the bond was in force. One Calvin Dorman was employed by Careskey as a used-car salesman and although Dorman's name did not appear in the schedule attached to the bond in question, indemnification coverage under the bond had been extended by parole agreement of the parties to include the actions of Dorman.

On and before Saturday, August 6, 1964, it was the accepted custom and practice of Careskey to permit his salesmen, including Dorman, to collect, hold and retain cash payment received from customers for two or three day periods, at the end of which, such salesmen were to account to Careskey for the money collected. On that Saturday, Dorman had collected $1,181.05 from customers. He put the money in his wallet, which he carried in his back pocket and left his place of employment at the usual time, 12:00 o'clock noon. At that time there had been no demand made upon Dorman to turn in the money. He retained the money in accordance with the accepted practice.

On his way home that same day, Dorman stopped and visited several taverns. At approximately 8:00 o'clock that evening Dorman arrived at his home and discovered that his wallet and money were missing. Dorman immediately telephoned Careskey and informed him of the loss.

Dorman is not charged with any act of dishonesty with respect to the money in question and he has not made restitution of any part of the money.

The relevant clause contained in the fidelity bond is as follows:

"THE SUN INSURANCE COMPANY OF NEW YORK (hereinafter called the Underwriter), in consideration of an agreed premium, does hereby agree to indemnify Robert M. Careskey D/B/A City Motor Mart * * * hereinafter called the Insured, against the direct loss of any money or other personal property (including that for which the Insured is responsible) *through the fraud, dishonesty, forgery, theft, embezzlement, or wrongful abstraction* of any Employee named in the schedule forming part of this bond, acting alone or in collusion with others, while such Employee holds any position at any place in the service of the Insured while this bond is in force.' (Emphasis supplied)

The sole question presented by this appeal is whether the conduct of Dorman, as set forth in the Stipulated Facts, constitutes "wrongful abstraction" under the bond. We think not.

In *Fidelity & Casualty Co. of New York* v. *Blount Plow Works* (1922), 78 Ind. App. 529, 136 N. E. 559, this court considered language identical to that here before us. In that case an employee, Sale, without the knowledge or consent of his employer took an automobile from the employer's warehouse for his personal use. Later the same evening, the vehicle was stolen from the employee. Subsequently, the employer-insured brought suit against the insurance company alleging that the conduct of Sale, in taking the vehicle after business hours and without its knowledge or consent, was covered under the terms of a fidelity bond which insured against loss resulting from ". . . fraud, dishonesty, forgery, theft, embezzlement or wrongful abstraction . . .". It was conceded for argument that only the term "wrongful abstraction" was in issue. The insurance company took the position in that case that wrongful abstraction meant an

abstraction with intent to defraud or injure. The court disagreed and stated at 78 Ind. App. 534:

". . . While a wide range of meaning is given to the words 'wrongful' and 'abstraction' in the various dictionaries and encyclopedias, we find that the former is said to imply the *infringement of some right,* and may result from disobedience to lawful authority, while the latter means to withdraw, remove or take away. In the instant case there is such a showing of a withdrawal or removal of appellee's automobile by said Sale, as to *amount to an infringement of its rights. This being true, we are compelled to hold, under the rule stated above, that the act of said Sale, in taking and using the automobile in question under the circumstances alleged, was a wrongful abstraction of the same, within such meaning of said words."* (Emphasis supplied)

The "circumstances alleged" to which the court alluded was the taking of the automobile after business hours without the consent of the employer. Appellee, Careskey urges application of the holding in the *Blount* case to the case at bar. Appellee, however, fails to appreciate the importance of Sale's infringement upon his employer's right in the *Blount* case.

We recognize and hold that before liability on coverage provided in a fidelity bond insuring against wrongful abstraction arises, there must be conduct done *without right,* although not necessarily "dishonest". This position was clearly recognized in the *Blount* case, *supra,* at 78 Ind. App. 535:

". . . It will be observed that the bond recites the acts of said Sale, for which appellant would be liable, in the event loss results therefrom, and after enumerating fraud, dishonesty, forgery, theft, and embezzlement, adds the words 'wrongful abstraction.' From this fact we may assume that the parties, after using the words fraud and dishonesty which imply an evil purpose, and the words forgery, theft, and embezzlement, which imply a criminal intent, desired to use an expression which implied neither, and hence chose the words 'wrongful abstraction' to cover

the acts of said Sale, *resulting in loss to appellee, which were merely done without right.*" (Emphasis supplied)

There is nothing in the stipulated facts here which indicates that Dorman took the money in question *"without right"*.

Unlike the employee in *Blount,* who took the vehicle after working hours and without the knowledge or consent of his employer, the employee Dorman in the case at bar had possession of the funds *with the knowledge and consent of his employer.* Moreover, the stipulated facts state that Dorman retained the money in accordance with the accepted practice of his employer. Dorman's "abstraction", therefore, was not wrongful. Further, an "abstraction' with permission or authorization is not brought within the coverage of this policy by a *subsequent* wrongful act or omission. In this connection it is to be noted that the policy provision here considered does not indemnify against "negligence" of employees. Compare *Morley* v. *McGuire* (1951), 219 Ark. 206, 242 S. W. 2d 112. See also cases collected in 43 A.L.R. at 990; 62 A.L.R. at 422; 77 A.L.R. at 868; and 98 A.L.R. at 1276.

We are compelled to hold, under the rule stated in the *Blount* case, that the conduct of the employee Dorman did not constitute wrongful abstraction.[1]

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded with instructions to sustain appellants' cross-motion for summary judgment.

Lowdermilk, C.J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 85.

---

1. Other jurisdictions have held similarly on similar facts, e.g., *Crescent Cigar & Tobacco Co.* v.*National Casualty Co.* (1934 La. App.), 155 So. 505; *Massachusetts Bonding & Insurance Co.* v. *Raskin* (1931), 43 Ga. App. 582, 159 S.E. 778.