## PECK v. LUSK.

1. **Fraud:** ESTOPPEL: EVIDENCE. L. represented to P. that M. was his nephew, and that they intended to purchase some cattle together. A few days subsequently M. presented to P. an order purporting to be signed by L., stating that he had bought the cattle and asking a loan of $900. L. denied the genuineness of the signature to the order, and P. admitted that it was not genuine. *Held,*

    1. That it was competent to prove the representations made by L., in regard to his relations to M.

    2. That if they were such as to create a belief in the mind of an ordinarily prudent man, that he would be responsible for money advanced to M., he is estopped from denying such liability.

2. **Partnership:** CONTRACT. One who holds out another as his partner is liable upon the other's contracts in that capacity, although he is not in fact such partner.

*Appeal from Lee District Court.*

THURSDAY, MARCH 19.

THIS action was originally brought against Wm. B. Lusk and G. W. McCarty to recover the sum of nine hundred dollars advanced by the plaintiff to McCarty. Pending the trial the cause was dismissed as to McCarty, who was never served with process. There was a jury trial, resulting in a verdict and judgment for the defendant. The plaintiff appeals.

*H. & R. Ambler, H. B. Hendershott* and *Jno. Van Valkenburg,* for appellants.

*L. G. Palmer* and *Halls & Baldwin,* for appellee.

COLE, J.—The pleadings and amended pleadings cover about twenty-five pages of the printed abstract. The substance of plaintiff's cause of action, as contained in his pleadings, may be briefly stated as follows: Plaintiff and defendant Lusk are old acquaintances and friends. On August 11, 1870, Lusk came to plaintiff's house, with the defendant McCarty, and introduced him as his nephew, Mr. Hill, and represented that they were on their way to Missouri, where the nephew lived, to purchase cattle. They staid all night with plaintiff, and on the next morning left on the cars for Missouri; two days thereafter McCarty returned to plaintiff's house, with an order for nine hundred dollars, as follows: "August 13, 1870. Friend Peck: I got there all right, and found things the same. I have some cattle bought, and will drive them up next week. I want nine hundred dollars for a few days. If you can let me have it, will oblige me, and hold this note; if you can't, send this letter and note to William Ketchum. WM. B. LUSK." Accompanying this order was a note for two thousand dollars, made by one Campbell to said Lusk, and also other notes with credits on them; that upon said order and notes the plaintiff let said McCarty have the sum of nine hundred dollars; no part has been paid.

For a second count, which is averred to be for the same cause of action, the plaintiff alleges that the defendant, with intent to cheat and defraud the plaintiff, falsely represented and introduced said McCarty as his nephew, and that they were jointly engaged in the purchase of cattle, and were going together to Missouri, where McCarty lived, to make their purchases; that in fact said McCarty was not a nephew of the defendants, and he was not introduced by his true name, but was an impostor; that relying upon such fraudulent representations made by the defendant, Lusk, the plaintiff had been induced to deliver to said McCarty the said nine hundred dollars, under the circumstances stated in the first count.

Peck v. Lusk.

The answer of the defendant, Lusk, was a general denial, and also a denial, under oath, of the genuineness of the signature to the order for nine hundred dollars.

Upon the trial, the plaintiff offered to prove the representations made by the defendant to the plaintiff at the time he came to the plaintiff's house and introduced McCarty as his nephew. This evidence was objected to as irrelevant, and the court excluded it, and held that the plaintiff could only recover upon the order. The plaintiff admitted that the signature to the order was not the genuine signature of the defendant, and thereupon the court instructed the jury to find for the defendant, which was done accordingly.

*1. FRAUD: estoppel: evidence.*

If the defendant falsely and fraudulently, and with the intent to cheat and defraud the plaintiff, represented McCarty as his nephew and engaged in buying cattle with him, and by these and other known false representations, created the belief in plaintiff's mind, and they were of a character to create such belief in the mind of an ordinarily prudent man, that the defendant would be responsible for any money advanced to such alleged relative, then we can see no good reason why the defendant should not be held liable for the money advanced. And this upon the well settled rule, that where one person by his conduct and declarations induces another to act to his prejudice, he shall be estopped from denying the matters implied by his conduct and representations, and *a fortiori*, if they are done and made with a fraudulent intent. If one holds out another as his partner, he shall be liable upon that other's contracts as such, although in fact he is not such partner. Whether the acts and declarations in this case shall amount to sufficient to justify the plaintiff in making the advancement, will be a question of fact for the jury. Of course, the defendant could not be made liable, because of an innocent mistake, upon the well settled rule recognized and applied in *Holmes v. Clark*, 10 Iowa, 423.

*2. PARTNERSHIP: contract.*

REVERSED.