## The Wabash Railroad Company v. Schultz.

[No. 3,865.   Filed June 4, 1902.   Rehearing denied January 13, 1903.   Transfer denied February 19, 1903.]

RAILROADS.—*Fire Escaping from Right of Way.—Complaint.*—In an action against a railroad company for damages resulting from fire, the first paragraph of complaint set forth that the defendant negligently permitted combustible material to accumulate on the right of way, into which combustible material it negligently permitted its engine to cast sparks of fire, which fire was negligently permitted to escape to plaintiff's land. The second paragraph was like the first, except that there was no averment of negligence in permitting the engine to cast sparks. A third paragraph was like the second, except that there was no averment of negligence in permitting combustible material to accumulate on the right of way. *Held,* that each paragraph sufficiently alleged that the injuries complained of resulted from the negligence of the company in permitting the escape of the fire, and that demurrers thereto were properly overruled. *pp. 495-500.*

SAME.—*Fire Escaping From Right of Way.—Complaint.—Contributory Negligence.*—In an action against a railroad company for negligently permitting fire to escape from its right of way to plaintiff's premises, an allegation in the complaint that the injuries resulted from the fire "without fault of plaintiff" sufficiently negatives contributory negligence on the part of the plaintiff. *p. 500.*

RAILROADS.—*Fires.*—*Negligence.*—*Interrogatories.*— *Conflict.*—In an action against a railroad company for negligently permitting fire to escape from its right of way, the jury returned the following interrogatories and answers: "(5) Does the preponderance of the evidence show that such fire might not have started in some way other than by fire from the locomotive of said train? Answer. No. (6) Is it established by the preponderance of the evidence that there was not reasonable cause for the origin of said fire, except from fire from the locomotive of said train? Answer. No." In answer to preceding interrogatories, the jury had found that the fire started after the passing of one of defendant's trains, and was discovered about five minutes after a train had passed. No particular train was mentioned in the complaint, and the interrogatories referred to but one. *Held,* that the special findings of the jury were not in irreconcilable conflict with a general verdict for plaintiff. *pp. 500-502.*

From Laporte Circuit Court; *J. C. Richter,* Judge.

Action by August Schultz against the Wabash Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. P. Hammond, W. V. Stuart, D. W. Simms* and *M. R. Sutherland,* for appellant.

*E. E. Weir, M. H. Weir* and *Lemuel Darrow,* for appellee.

BLACK, J.—The appellant presents for review the action of the court in overruling its demurrer for want of sufficient facts to each paragraph of the appellee's complaint. In each paragraph the appellee sought the recovery of damages for injury by fire to his land through which the right of way of the appellant runs, and for the destruction by fire of a quantity of hay upon the land. The controversy here relates to the averments in each paragraph whereby it was sought to show the appellant's negligence and the appellee's freedom from contributory fault. In the first paragraph these averments were as follows: "That on or before * * * the right of way of the defendant company, where the same crosses the land of this plaintiff, had become very dry, and was covered with a growth of grass, weeds, and other combustible material, which the

defendant had negligently and carelessly suffered and permitted to accumulate thereon; that on said day the said defendant, in operating and running its engines on its line of railroad at the point where its right of way crosses the land of this plaintiff, negligently and carelessly permitted said engines to cast out sparks and coals of fire therefrom into the dry grass, weeds, and other combustible material on the defendant's right of way, and set fire thereto, which said fire, when so ignited, the defendant negligently and carelessly suffered and permitted to escape from its right of way on and to the lands of this plaintiff adjacent thereto, setting fire to and igniting the turf on plaintiff's land, and the peat and muck of which the soil was composed, burning and destroying the same, and rendering forty acres thereof unfit for use for pasture or for the growing of hay or any other purpose, to the damage of the plaintiff in the sum of $1,850, destroying pasture to the value of $50, and hay which had been cut and stacked upon said land of the value of $50; that in protecting the remainder of the said land from the ravages of said fire it became necessary to, and the plaintiff did, employ labor to fight said fire, for which he expended the sum of $30; that in fighting said fire it became necessary to, and the plaintiff did, expend his own labor and time, which said time and labor was reasonably worth the sum of $20; all to his damage in the sum of $2,000; all of which was done by the defendant without any fault on the part of the plaintiff. Wherefore," etc.

In the second paragraph, negligence in permitting the combustible material on the right of way was alleged, as in the first paragraph; and it was averred that the combustible material which had accumulated upon the right of way was ignited by a spark of fire from a locomotive operated on the railroad by appellant, there being no averment of negligence in permitting the engine to cast the spark. It was next alleged in the second paragraph that the fire so ignited

upon the right of way "was negligently and carelessly suffered and permitted by the defendant to escape from said right of way, and spread to and over the land of the plaintiff adjacent thereto, setting fire to the same and igniting the turf," etc., the pleading continuing like the first paragraph. After the statement of the damages suffered, it was alleged, "That all the acts occurred and were done without the fault of this plaintiff. Wherefore," etc.

In the third paragraph there was no allegation of negligence in connection with the averment of the accumulation of combustible material on the right of way, or in connection with the averment that the appellant set fire thereto in operating a locomotive. The pleading then proceeded as follows: "Which said fire, after being ignited by the appellant as aforesaid, the defendant negligently and carelessly suffered and permitted to escape therefrom and spread to and over the land of the plaintiff, setting fire to the same, and igniting the turf," etc., proceeding as in the first and second paragraphs, including the averments of damages, after which was the following: "That all the acts complained of occurred without fault on the part of the plaintiff. Wherefore," etc.

It is contended that neither paragraph sufficiently shows that the negligence complained of was the direct and proximate cause of the injuries alleged. In such a case of fire set by the defendant on its right of way, and thence communicating with the adjacent property of the plaintiff, there must be an averment which may properly be construed as an allegation of negligence on the part of the defendant in causing, allowing, suffering, or permitting the fire, so originating on the defendant's property, to escape or to spread or to extend or to communicate therefrom to the plaintiff's property. *Pittsburgh, etc., R. Co.* v. *Culver,* 60 Ind. 469; *Pittsburgh, etc., R. Co.* v. *Hixon,* 79 Ind. 111; *Louisville, etc., R. Co.* v. *Ehlert,* 87 Ind. 339; *Indiana, etc., R. Co.* v. *Adamson,* 90 Ind. 60; *Indiana, etc., R. Co.* v.

*McBroom,* 91 Ind. 111; *Wabash, etc., R. Co.* v. *Johnson,* 96 Ind. 62; *Louisville, etc., R. Co.* v. *Nitsche,* 126 Ind. 229, 9 L. R. A. 750, 22 Am. St. 582.

In *Louisville, etc., R. Co.* v. *Parks,* 97 Ind. 307, averments that the fire was "by said rubbish and litter negligently communicated to the plaintiff's said field, by which the same was fired; that said fire spread over the plaintiff's field, burning," etc., though indefinite so far as it was intended to impute the negligence to the defendant, were held not insufficient.

In *Wabash, etc., R. Co.* v. *Johnson, supra,* an averment that the fire was, through the negligence of the defendant, permitted "to be carried to" the plaintiff's premises adjoining the right of way, "and destroyed" the plaintiff's fencing, etc., was held sufficient. See, also, *Chicago, etc., R. Co.* v. *Burger,* 124 Ind. 275, where the allegation held sufficient was that the fire, by the negligence of the defendant, spread upon and over the plaintiff's meadow-land, "destroying his grass," etc.

It was the purpose of the pleader to charge that the "setting fire to and igniting the turf," etc., the burning and destroying the same, the rendering forty acres unfit for use, etc., and destroying the pasture and hay, were the effect of the appellant's negligently and carelessly suffering and permitting the fire upon the right of way to escape therefrom on and to the appellee's adjacent land as stated in the first paragraph, or to escape from the right of way and spread to and over the land as alleged in the second and third paragraphs. It was "said fire,"—the fire which was negligently permitted so to escape and to spread,—which it became necessary to fight, and which the appellee did fight at a stated expense in money, labor, and time. For the purpose of determining the effect of a pleading, its allegations are to be liberally construed, with a view to substantial justice between the parties. §379 Burns 1901. While the paragraphs are loosely drawn, without the directness and

definiteness characteristic of good pleading, we are of the opinion that, construed according to the manifest meaning, the injuries alleged are indicated as resulting from and occasioned by the alleged negligence in permitting the escape of the fire.

It is further objected that in each paragraph there is failure sufficiently to negative contributory negligence on the part of the appellee; that in neither paragraph is it directly averred that the injuries complained of were caused without fault or negligence on the part of the appellee; and that neither paragraph contains any statement of facts showing that he was not guilty of contributory negligence. At the close of the first paragraph, after the allegations that the appellant negligently permitted certain occurrences,—among them the escape of the fire from the right of way on and to the appellee's lands, setting fire to and igniting, etc., burning and destroying, etc., rendering unfit, etc., destroying pasture and hay, etc.,—it is alleged "that all of which was done by the defendant without any fault on the part of the plaintiff." In the second paragraph it is said "That all the acts occurred and were done without the fault of this plaintiff." In the third paragraph the averment is "That all the acts complained of occurred without any fault on the part of this plaintiff." These are all indefinite statements of what was manifestly intended to be shown thereby. We think that indulging the liberality required by the statute above mentioned, we may regard these allegations as extending, not merely to the spread of the fire, through the appellant's negligence, to and over the appellee's land, but also to the burning and destruction mentioned in each paragraph; and therefore we may treat each paragraph as containing a sufficient, though indefinite, showing that the injuries complained of occurred without any fault of the appellee.

It is contended further on behalf of the appellant that the court erred in overruling its motion for judgment in its

favor on the special findings of the jury in answer to interrogatories, notwithstanding the general verdict. The special findings on which the appellant lays stress are those in answer to the fifth and sixth interrogatories, as follows: "(5) Does the preponderance of the evidence show that such fire might not have started in some way other than by fire from the locomotive of said train? A. No. (6) Is it established by the preponderance of the evidence that there was not reasonable cause for the origin of said fire, except from fire from the locomotive of said train? A. No." The jury, in answer to immediately preceding interrogatories, had found that the fire in question started after the passage of one of appellant's trains, and that it was five minutes after the passage of such train before the fire was discovered. There was no interrogatory concerning any other trains, or as to whether the fire was started by the particular train mentioned in the fifth and sixth interrogatories, or by some other train. The complaint did not refer to any particular locomotive or train, and the evidence is not in the record, and, if it were here, it could not be examined in this connection. It does not appear to have been necessary to establish by the evidence that the fire was started by the locomotive of a particular train which had passed five minutes before the fire was discovered.

The statute contemplates that the written interrogatories to the jury shall each state a particular question of fact. §555 Burns 1901. "It is only concerning some *particular question of fact material to the cause* that an interrogatory can rightly be submitted." *Chicago, etc., R. Co.* v. *Ostrander,* 116 Ind. 259.

The forms of the interrogatories in question, embodying such inquiries concerning the preponderance of the evidence, were somewhat adapted to produce confusion in the minds of the jury, and can not be approved as within the intention of the statute. All the facts in issue were decided against the appellant by the general verdict, and the

State, *ex rel.*, *v.* Branyan.

special findings in question were not necessarily in irreconcilable conflict with the general verdict upon every state of facts which admissible evidence might have sufficiently established in the estimation of the jury acting within the legitimate province of the triers of the facts.

Judgment affirmed.