# THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* WELCH.

[No. 7,954. Filed May 9, 1913. Rehearing denied October 17, 1913.]

1. RAILROADS.—*Fires.*—*Complaint.*—A complaint against a railroad company for damages caused by fire, charging that on a certain day the employes of defendant, acting in its behalf, set fire to combustible material upon the right of way near plaintiff's property, and negligently permitted such fire to escape onto ground adjoining plaintiff's property, whereon there was a quantity of dry material, whereby a blaze was created and carried by the wind to and against the property of plaintiff, whereby the same caught fire and was destroyed, and that such "property was thus destroyed by and through and because of the negligence of the defendant, its agents, servants and employes, acting for and in behalf of the defendant, and not otherwise, and without any fault upon the part of this plaintiff," in view of the reasonable and

necessary inferences to be drawn from the facts well pleaded, is not insufficient on the ground that it fails to show that defendant was guilty of negligence, or that the fire was set upon the right of way by defendant's servants in the performance of their duty, or that such fire was the proximate cause of the injury complained of. p. 338.

2. RAILROADS.—*Fires.*—*Complaint.*—A complaint against a railroad company for damages by fire, alleging that on a certain day the earth and vegetation was dry so that it was dangerous to start fires, that a field between defendant's right of way and plaintiff's building was covered with dry vegetation which was very combustible and that a fire set out on defendant's rght of way would be likely to spread to and ignite the dry material thereon which, if ignited, would be carried by the wind to plaintiff's property, all of which facts were well known to the agents and employes of defendant, that notwithstanding such facts such employes, acting for defendant and under its orders and direction, set fire on the right of way, that by reason of the dry material such fire spread to the adjoining field and ignited the combustible material thereon and was carried by the wind to plaintiff's property, destroying same, that on account of the existing conditions it was negligence on the part of defendant's agents and employes to set fire upon the right of way, and that plaintiff's property was destroyed solely because of such negligence and without any fault on his part, sufficiently showed that defendant negligently permitted fire to escape from its property, that such negligence was the proximate cause of the injury complained of and that plaintiff was guilty of no negligence contributing thereto. p. 339.

3. APPEAL.—*Review.*—*Evidence.*—*Verdict.*—If there is some evidence to support a verdict, there can be no reversal on the ground that the evidence is insufficient. p. 340.

4. RAILROADS.—*Fires.*—*Measure of Damages.*—An action against a railroad company to recover damages for the destruction of a building by fire, is an action to recover for an injury to real estate, so that the proper measure of damages is the difference in the value of such real estate just before and after the fire. p. 341.

From Starke Circuit Court; *George Burson,* Special Judge.

Action by Patrick Welch against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*G. E. Ross,* for appellant.

*M. Winfield,* for appellee.

HOTTEL, J.—This is a suit by appellee to recover damages for the destruction of a building by fire alleged to have been caused by appellant's negligence. The complaint is in two paragraphs, a demurrer to each of which was overruled. A general denial closed the issues. A trial by jury resulted in a general verdict for appellee assessing his damages at $1,200. Appellant and appellee each filed interrogatories which were answered by the jury and returned with the general verdict. Appellant filed a motion for new trial, which was overruled and exceptions properly saved.

Error in the ruling on the demurrer to each of the paragraphs of complaint and on the motion for new trial are assigned and relied on for reversal. Each of the paragraphs contains averments showing that the appellant is a corporation and operates a railroad and trains thereon through the county of Starke, and that appellee owned the land on which was located the house and property alleged to have been destroyed, and that this land ran up to and adjoined appellant's right of way. The first paragraph proceeds upon the theory that the appellant set fire to the combustible material on its right of way and negligently suffered and permitted it to escape upon and over land adjoining appellee's and that from there it was carried by the wind to appellee's property, etc. The second paragraph proceeds upon the theory that on account of the conditions set out therein it was necessarily dangerous to set out a fire and that with knowledge of the conditions then existing, appellant negligently set out the fire on its right of way with the result that appellee's property was burned.

It is urged against the first paragraph of complaint: (1) That it fails to show that the appellant was guilty of actionable negligence; (2) that no facts were alleged showing either that the fire was set upon the appellant's right of way by its servants in the performance of their duty, or that there was an accumulation of combustible material

upon the right of way, or that the appellant knew that there was a fire on its right of way, or that said fire was started in pursuance of appellant's order or with its knowledge or consent, or that the appellant permitted said fire to escape from its right of way; (3) that it is not averred that any act or omission of the appellant was the proximate cause of the injury sued for.

We think a sufficient answer to these objections is furnished by the averments of this paragraph which follow:

"On said 30th day of October, 1909, *the agents and* 1. *employes of the defendant, acting for and in behalf of the defendant* (our italics) set fire to the combustible material upon the right of way, near the plaintiff's property, and negligently suffered and permitted said fire to escape from said right of way upon the ground adjoining the plaintiff's property; that upon said ground adjoining the plaintiff's property was a lot of dry material, composed of dry vegetation and other material, whereby a blaze was created off of the right of way of the defendant upon the lands adjoining the plaintiff's property, and the wind carried said blaze to and against the property of this plaintiff, whereby the same caught fire and entirely destroyed said property of the plaintiff, of the value of fifteen hundred dollars; that said property was thus destroyed by and through and because of the negligence of the defendant, its agents, servants and employes, acting for and in behalf of the defendant, and not otherwise, and without any fault upon the part of this plaintiff." It will be seen from this quotation that the necessary facts which appellant claims are absent from such paragraph appear either by direct averment or by necessary inference. These averments, when considered in the light of the authorities which give to a pleading the benefit of the reasonable and necessary inferences to be drawn from the facts well pleaded therein, are sufficient to meet appellant's objections. *Holliday & Wyon Co.* v. *O'Donnell* (1913), *ante* 95, 101 N. E. 642, and cases

there cited; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, and authorities there cited; *Town of Newcastle* v. *Grubbs* (1908), 171 Ind. 482, 489, 86 N. E. 757.

It is urged against the second paragraph of complaint, (1) that it is not averred therein that the appellant negligently permitted fire to escape from its property; (2) that it is not alleged therein that any negligent act or omission of the appellant was the proximate cause of the injury sued for; (3) that it is not alleged that the injury sued for was caused without any negligence of appellee contributing thereto. The averments of this paragraph which present the objections urged against it, are in substance as follows: On October 30, 1909, it was very dry. There had been no rains for a long time and the earth and vegetation had become dry, so that it was dangerous to start any fires. A field adjoining appellant's right of way ran close to appellee's property. This field was covered with dry and dead vegetation which was very combustible and a fire set out on the right of way adjoining would be likely to spread to and ignite the dry and dead material thereon. The wind was blowing from the south and appellee's property was north of said field. By reason of the direction of the wind, combustible material on said field, if ignited, would spread and be carried to appellee's property. All of said facts were well known to the agents and employes of appellant. Notwithstanding said facts, such employes of appellant acting for it, and under its orders and directions, on said day, set fire on its right of way immediately adjoining said field, and by reason of the continuous drought and the dry and dead material, such fire immediately spread to the adjoining field and ignited the dry, and combustible material thereon, which spread very rapidly and the wind carried it with great rapidity north to the property of appellee and set it on fire and destroyed it, to appellee's damage in the sum of $1,500. We quote

the closing averments of this paragraph: "This plaintiff avers and charges, that it was negligence upon the part of the defendant's agents and employes, on account of the condition of the weather and the dead, dry and combustible material, as aforesaid, to set fire upon the right of way adjoining said field, and it was solely because of such negligence upon the part of the defendant's agents and employes that the plaintiff's property was burned and destroyed, and without any fault upon the part of the plaintiff; that the plaintiff was away from home that day and did not know of the fire until after the property had been destroyed. And this plaintiff charges that it was gross negligence upon the part of the defendant's agents and employes, under the conditions that existed at that time and the direction of the wind, to set fire upon the right of way, as aforesaid, and it was solely because of said negligence, upon the part of the agents and employes of the defendant, that said property was destroyed, and not otherwise." The direct averments of this paragraph just set out and quoted are, we think, sufficient to meet the requirements of a complaint in this kind of a case without the aid of the inferences authorized by the authorities before cited. *Louisville, etc., R. Co.* v. *Nitsche* (1890), 126 Ind. 229, 26 N. E. 51, 9 L. R. A: 750, 22 Am. St. 582, and authorities there cited; *Wabash R. Co.* v. *Schultz* (1902), 30 Ind. App. 495, 500, 64 N. E. 481.

In support of its contention that the court below erred in overruling its motion for new trial, it is insisted by appellant that the verdict is not sustained by sufficient

3.    evidence. A careful examination of the record in this case, convinces us that it has some evidence for its support in the several respects in which appellant contends there is an *absence* of such evidence. This is enough under the well-settled rules of the Supreme Court and this court to prevent a reversal on the ground that the evidence is insufficient to sustain the verdict.

It is next insisted that the court erred in giving certain

instructions at the request of appellee. An examination of these instructions shows that they are not open to the objections urged against them, and that they announce general principles well recognized by the Supreme Court and this court applicable to the issues and the evidence introduced thereunder. In its motion for new trial appellant sets out as one of the grounds thereof certain questions which it is claimed were permitted to be answered by one of appellee's witnesses. By the questions set out in the motion, it appears that the witness was asked the value of the building destroyed on the day it was destroyed by the fire separate and apart from the ground on which it was located. It is insisted that this was not the proper method of proving appellee's damages; that this is an action to recover damages for an injury to real estate and that the proper way to establish such damages is by proof of the value of such real estate just before and just after the fire. Appellant is correct in its statement of the rule applicable in such cases, and the evidence of the witness in question set out in appellant's brief does not indicate any violation of the rule, but on the contrary indicates that the witness testified to the value of the building with the ground, viz., that he "knew the Welch building; building with the ground ought to be worth $975; this included the addition made by Mr. Welch." Our attention is not directed to the page and line of the record where the particular questions and answers set out in the motion for new trial and relied on for reversal are found. We find no available error in the record. Judgment affirmed.

NOTE.—Reported in 101 N. E. 748. See, also, under (1) 33 Cyc. 1351, 1355; (3) 3 Cyc. 348; (4) 33 Cyc. 1388. As to liability of railroad for fires, see 38 Am. Dec. 70; 78 Am. Dec. 185; 6 Am. Rep. 597; 42 Am. St. 538. As to negligence in setting fire on one's own premises as affected by weather conditions, see 20 Ann. Cas. 699.