## TEMPLER ET AL. *v.* THOMPSON.

[No. 9,413. Filed December 14, 1917.]

1. APPEAL.—*Review.—Scope.—Evidence.—Verdict.*—The court on appeal will not disturb the verdict of the jury on the weight of the evidence. p. 224.

2. HUSBAND AND WIFE.—*Notes.—Suretyship of Wife.—Estoppel to Deny Liability.—Evidence.*—In an action on a note executed by husband and wife, evidence that plaintiff had made a previous loan to the wife, taking her note with the husband as surety, and that such loan had been paid by the wife without objection, that the husband, acting as agent for his wife, first negotiated with plaintiff for the loan in suit, and, on its being declined, plaintiff then loaned the wife the money on her personal solicitation that it was to be used in making improvements on the wife's property, and that the wife thereafter on several occasions acknowledged that the loan was her debt, was sufficient to warrant the finding of the jury that the wife executed the note as

principal and that she was estopped to set up that she signed the note as surety for her husband. p. 226.

3. APPEAL.—Briefs.—Sufficiency.—Scope of Review.—Alleged errors in the admission of evidence are not presented for review, where appellant's brief does not set out the grounds of objection, or where the questions discussed in the brief were not presented by the motion for a new trial. p. 226.

4. APPEAL.—Review.—Harmless Error.—Admission of Evidence.— —Statute.—Under §407 Burns 1914, §398 R. S. 1881, providing that a judgment shall not be reversed for technical errors, the erroneous admission of evidence is not ground for reversal where the evidence was such that it did not affect the substantial rights of appellant. p. 226.

From Delaware Circuit Court; *Frank Ellis*, Judge.

Action by Adeline F. Thompson against Clara I. Templer and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Ray W. Clark, W. A. Thompson* and *R. W. Sprague*, for appellants.

*Francis A. Shaw*, for appellee.

IBACH, C. J.—This is an appeal from a judgment rendered against appellants, husband and wife, on a note executed by them in favor of appellee. The issues upon which the case was tried were formed by a complaint in one paragraph, an answer by Clara I. Templer, hereinafter referred to as appellant, setting up suretyship, and a reply thereto of general denial and an affirmative paragraph setting up an estoppel *in pais*.

There was a trial by jury, verdict, and judgment for appellee. With their general verdict the jury returned answers to interrogatories.

The questions to be determined by this appeal have been narrowed by appellant's counsel in their brief to one alleged error, viz., the overruling of appel-

lant's separate motion for a new trial, and to the specific grounds thereof that "the verdict of the jury against her is not sustained by sufficient evidence and is contrary to law."

It is well settled that this court will not disturb the verdict of the jury on the weight of the evidence. *Edwards Mfg. Co.* v. *Stoops* (1913), 54 Ind. App. 361, 366, 102 N. E. 980; *Pittsburgh, etc., R. Co.* v. *Welch* (1913), 54 Ind. App. 335, 101 N. E. 748.

The question for determination then resolves itself into two propositions: (1) Whether there is any evidence tending to show that appellant executed the note in suit as principal or as surety; and (2) whether there is any evidence tending to show an estoppel *in pais* against appellant by reason of the alleged representations made by her and relied upon by appellee in making the loan for which the note in suit was given.

The general verdict was a finding in favor of appellee on both these questions.

The general principles of law applicable thereto are set out and discussed in the following recent cases and need not be repeated here. *Pabst Brewing Co.* v. *Schuster* (1913), 55 Ind. App. 375, 103 N. E. 950; *Wright* v. *Fox* (1913), 56 Ind. App. 315, 103 N. E. 442.

There is evidence tending to show the following facts: Both appellant and appellee are residents of the city of Muncie, Indiana, and had lived there and had been acquainted for almost sixty years. On September 13, 1905, appellant was a married woman, the wife of her codefendant Clayton B. Templer, and was at that time the owner of considerable real estate in said city in her own name. Mr. Templer

was an attorney at law and had acted as attorney for appellee and her father and mother. He was also general agent for appellant, "always attending to all her business for her, representing her and her mother." On November 13, 1904, appellee loaned appellant $1,000 and took her note with her husband as security, payable on or before one year after date. On September 12, 1905, Mr. Templer brought appellee a check from appellant for $509.08, in final payment of the $1,000 loan. On the next day Mr. Templer first called, and later came to see, appellee about the loan in suit and represented to her that appellant wanted the money to make repairs on her property on West Jackson street so that they could rent it, and appellee declined at that time to make the loan. Later on the same day appellant solicited the loan over the telephone and represented to appellee that she wanted this money to improve her property, to make some improvements, fix the electric lights, and for papering, and that she could not rent her property as it was. Appellee consented to let her have the money, and appellant stated that she could not be down to the office, but directed appellee to pay the money to Mr. Templer and take a note for it. After the loan was completed appellant, on at least two occasions, acknowledged to appellee that the loan was her debt, and expressed regret that she had to seek another loan from appellee. Appellee believed the representations of appellant and of her husband made for her, relied upon them, and had no knowledge to the contrary.

Without setting out any more of the facts favorable to appellee, we are of the opinion that there is

evidence tending to support and from which the jury were warranted in drawing the inference that appellant executed the note in suit as principal and not as surety, and, further, there is also evidence which would support the finding of the jury upon the issue of estoppel.

Certain alleged errors in the admission of evidence are discussed in appellant's brief. Such brief, however, in some instances does not set out the grounds of the objection. In other instances the questions discussed are not presented by appellant's motion for a new trial. Therefore we are not called upon to determine such questions. But conceding that the admission of some of the evidence objected to was error, it was not of such a character as to affect any substantial right of appellant and would not constitute ground for reversal. §407 Burns 1914, §398 R. S. 1881; Pigg v. State (1896), 145 Ind. 560, 565, 43 N. E. 309.

No available error being shown, the judgment is affirmed.

NOTE.—Reported in 117 N. E. 936. Husband and wife: estoppel of wife, 57 Am. St. 169. See under 21 Cyc 1571.