Irvine *v.* Baxter Stove Co.—70 Ind. App. 105.

---

## IRVINE ET AL. *v.* BAXTER STOVE COMPANY.

[No. 9,766. Filed May 6, 1919.]

1. APPEAL.—*Briefs.*—*Amendment.*—Where, after the filing of the appellee's brief, the appellant by leave of court amended his brief by inserting a copy of the motion for new trial, the omission to include the motion or its substance in the original brief was cured. p. 108.

2. APPEAL.—*New Trial.—Necessity of Objections.—Instructions.*— Objections to the giving of instructions will not be considered on appeal where the appellant failed to assign error thereon as a ground for new trial. p. 108.

3. PARTNERSHIP.—*Holding Out as Partner.—Necessity of Financial Loss.*—Where one holds himself out as a partner or knowingly permits himself to be so held out, he is liable to a creditor dealing with the firm, in the belief that such representation is true, as fully as if he were a partner in fact; and it is not necessary that the creditor suffer financial loss by reason of such holding out. p. 108.

4. APPEAL.—*Instructions Favorable to Appellant.—Harmless Error.* —Instructions that the plaintiff creditor could not recover from a defendant for holding himself out as a partner of the debtor firm unless such plaintiff sustained, or stands to sustain, financial loss by reason of such holding out, though erroneous for placing a greater burden on the plaintiff than required by law, was harmless as to such defendant. p. 110.

5. APPEAL.—*Objections to Evidence.—Presenting for Review.— Briefs.*—To present for review the rulings of the court in admitting certain evidence, the appellant's brief must disclose the specific objections made to such evidence at the time of the ruling; objections thereto in the motion for new trial, without a showing that the same were presented at the time of the ruling, present no question. p. 110.

6. TRIAL.—*Evidence.—Competent for Specific Purpose.—Limiting Application.*—Since evidence competent for some purpose will not be excluded because the jury may erroneously use it for another purpose, it is the duty of a party desiring to guard against such possibility to tender an instruction limiting its application to the particular purpose. p. 111.

7. APPEAL.—*Record.—Sufficiency.—Bringing Matters into Record. —Affidavit.*—The statement in an affidavit filed with the motion for new trial that the court had stated in the jury's presence that it would limit by instruction the application of certain evidence, is insufficient to excuse the appellant's failure to tender an instruction for that purpose, since such matter cannot be brought into the record by affidavit. p. 111.

8. APPEAL.—*Verdict.—Evidence.—Sufficiency.*—A verdict is sustained by sufficient evidence, as against objection on appeal, where there is legal evidence supporting every essential fact necessary to appellee's right of recovery. p. 112.

9. APPEAL.—*Waiver of Error.—Briefs.*—An appellant waives grounds for new trial to which no specific reference is made in the points and authorities of his brief. p. 112.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by the Baxter Stove Company against James T. Irvine, Jr., and James T. Irvine, Sr. From a judgment for the plaintiff, the defendant James T. Irvine, Sr., appeals. *Affirmed.*

*Osborn & Hamilton, Benjamin F. Miller* and *Howard E. Barrett,* for appellant.

*John H. Kiplinger* and *Donald L. Smith,* for appellee.

BATMAN, P. J.—The complaint in this action is in two paragraphs, in which appellee is plaintiff, and James T. Irvine, Jr., and James T. Irvine, Sr., are defendants. The first paragraph is based on a promissory note alleged to have been executed to appellee by the said Irvine and Irvine under the firm name and style of James Irvine and Company. The second paragraph alleges in substance that said James T. Irvine, Sr., held himself out as a partner in the firm of James Irvine and Company, and knowingly permitted James T. Irvine, Jr., to hold him out as a partner in said firm, with the intention that appellee should act on such representation as being true; that appellee, believing said representation, and having no knowledge that the same was not true, was induced thereby to sell goods and extend credit to said James Irvine and Company, and to accept a certain promissory note for $166.18 executed by said company; that said note is now due and unpaid. Each paragraph of the complaint referred to the same promissory note, which was made a part thereof by a copy filed as an exhibit therewith. James T. Irvine, Jr., filed an answer in two paragraphs, the first being a general denial, and the second a plea of payment. James T.

Irvine, Sr., also filed an answer in two paragraphs, the first being a general denial, and the second a plea of *non est factum*. To the second paragraph of the answer of James T. Irvine, Jr., appellee filed a reply in general denial. The cause was submitted to a jury for trial, resulting in a verdict for appellee, on which judgment was duly rendered. James T. Irvine, Sr., filed a separate motion for a new trial, which was overruled. He is now prosecuting this appeal, and has assigned the action of the court in overruling his motion for a new trial as the sole error on which he relies for reversal.

Appellee contends that no question is presented for our determination, as neither the motion for a new trial nor its substance is set out in appellant's brief. Since the filing of appellee's brief, appellant, by leave of court, has amended his brief by inserting therein a copy of said motion, which has cured the alleged omission therein.

Appellant contends that the court erred in giving instructions Nos. 7, 9, 12 and 13 on its own motion.

We are not required to consider any objections made to instructions Nos. 7 and 9, as appellant did not assign the action of the court in giving either of them as a ground for a new trial. *Parker Land, etc., Co.* v. *Ayres* (1909), 43 Ind. App. 513, 87 N. E. 1062.

Said instructions Nos. 12 and 13, given by the court on its own motion, relate to the cause of action stated in appellee's second paragraph of complaint. By these instructions the jury was informed in effect that there could be no recovery against appellant on said paragraph, unless the jury should find that appellant, by his acts or language, know-

ingly, voluntarily and intentionally held himself out
to appellee as a partner in the alleged firm of James
Irvine and Company, or so permitted himself to be so
held out by said James T. Irvine, Jr., and that by
reason of said fact appellee has sustained some finan-
cial loss, *or stands to sustain a financial loss.* Appel-
lant bases his objection to said instructions on the
clause which we have italicized. He insists that appel-
lee must have sustained some financial loss before
there can be a recovery on said second paragraph of
complaint. We do not understand that appellee was
required to establish such fact. It is well settled that
where one holds himself out as a partner in a par-
ticular firm, or knowingly permits himself to be so
held out, he is liable to those who deal with such firm,
in the belief that such representation is true, as fully
as if he were a partner in fact. 30 Cyc 391; 20 R. C. L.
1067; Story, Partnership (7th ed.) §64; *Strecker* v.
*Conn* (1883), 90 Ind. 469; *Breinig* v. *Sparrow* (1907),
39 Ind. App. 455, 80 N. E. 37; *Steele* v. *Michigan
Buggy Co.* (1912), 50 Ind. App. 635, 95 N. E. 435;
*Phipps* v. *Little* (1913), 213 Mass. 414, 100 N. E. 615;
*Peck* v. *Lusk* (1874), 38 Iowa 93; 2 Brickwood, Sack-
ett's Instructions §2201. A person becoming a cred-
itor of such a firm under the circumstances stated
would have a right to join a party so held out as a
member thereof in an action against the real members
of such firm, and recover a joint judgment against all
without alleging or proving that he had suffered, or
may suffer, a financial loss by reason of such holding
out. An instruction authorizing a recovery without
such a condition was approved by the Supreme Court
in the case of *Dailey* v. *Coons* (1878), 64 Ind. 545.

It follows that said instructions are erroneous, but

there was no reversible error in giving the same as they placed a greater burden on appellee than the law required it to assume, and therefore were favorable to appellant. *Pennsylvania Co.* v. *Stalker, Admr.* (1918), 67 Ind. App. 329, 119 N. E. 163.

Appellant also contends that the court erred in refusing to give instructions Nos. 3 and 4 requested by him. These instructions are the same as Nos. 12 and 13 given by the court on its own motion, except that neither of them contain the clause which we have italicized above. For the reasons stated in passing on said instructions given, there was no error in refusing to give said requested instructions.

Appellant in his motion for a new trial alleges that the court erred in the admission of certain evidence, but has failed to present any question thereon for our determination, as his brief does not disclose what objections, if any, were made in the trial court to the admission of such evidence at the time it was offered. Only such objections thereto as were made at such time are available on appeal. *McCray* v. *Whitney* (1914), 56 Ind. App. 94, 104 N. E. 979. And the brief of the complaining party must show what these objections were. *Templer* v. *Thompson* (1917), 66 Ind. App. 222, 117 N. E. 936. True, certain objections thereto are stated in the motion for a new trial, some of which appellant has attempted to present in his brief, but these will not be considered in the absence of a showing that they were made to the trial court when it ruled on the admissibility of such evidence.

However, the only portion of such objectionable evidence to which appellant has made any reference

in his propositions or points consists of a certain letter written by one Elmer Hutchinson, and another by Perry C. Kirtley. The record fails to disclose that any objections were made in the trial court to the admission of the former letter, and hence there was no reversible error in its admission. The latter letter was written to appellant in response to one received from him, the contents of which had been given in evidence without objection. It was pertinent to the issues formed on the first paragraph of the complaint, and there was no error in its admission under the facts and circumstances shown by the record.

Appellant predicates error on the failure of the court to instruct the jury that the letter of Perry C. Kirtley should not be considered as affecting the issues under the second paragraph of the complaint. It is a well-settled rule that evidence competent for some purpose should not be excluded because a jury may erroneously use it for another purpose. 10 R. C. L. 929. A party desiring to guard against such possibility should tender an instruction limiting its application to the matter for which it is competent. *Clark* v. *Clark* (1917), 187 Ind. 25, 118 N. E. 123; *International Harvester Co.* v. *Haueisen* (1918), 66 Ind. App. 355, 118 N. E. 320.

Appellant, however, seeks to avoid an application of this rule in the instant case on the ground that the court in the presence of the jury stated that it would instruct the jury in that regard. The only evidence of any such statement appears by affidavit filed with the motion for a new trial. This is not sufficient, as matters of this kind cannot be brought into the record this way. *Hood* v. *Tyner* (1891), 3 Ind. App. 51, 28 N. E. 1033; *Dorsey* v. *State*

(1913), 179 Ind. 531, 100 N. E. 369; *Shank* v. *State* (1915), 183 Ind. 298, 108 N. E. 521. Therefore we cannot say that appellant was relieved from a compliance with the rule cited.

Appellant also contends that the verdict is not sustained by sufficient evidence. We cannot concur in this contention, as there is legal evidence supporting every essential fact necessary to appellee's right of recovery. This is sufficient on appeal. *Ellison* v. *Ryan* (1909), 43 Ind. App. 610, 87 N. E. 244.

8.

Other grounds for a new trial are waived by appellant by a failure to make any specific reference thereto in his propositions or points. *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362.

9.

We find no reversible error in the record. Judgment affirmed.