STATE EX REL. TITTLE *v.* COVINGTON COMMUNITY CONSOLIDATED SCHOOLS OF FOUNTAIN AND WARREN COUNTIES ET AL.

[No. 28,675. Filed February 2, 1951. Rehearing denied February 28, 1951.]

*Bell & Bell,* of Indianapolis, for appellant.

*White & White,* of Covington, for appellees.

GILKISON, J.—By her second amended complaint, relator, by proper averments, shows that on July 1, 1925, by written contract, she became a teacher of Covington-Troy Township Consolidated Schools, Fountain County, Indiana, and that she taught in said schools under contract continuously since said date

until May, 1948. That about April 1, 1930, she entered into her sixth annual contract with such schools, and thereupon became a permanent teacher with an indefinite contract under Chapter 97 of the Acts of 1927 and amendments thereto. Section 28-4307, Burns' 1948 Replacement. That her said contract has not been cancelled or otherwise terminated in any manner provided by law. She avers her repeated demand from appellees for a teacher's contract for the 1948-1949 school year; that she is a properly licensed teacher under the state laws; that she has never waived any of her rights as a tenure teacher; that her compensation for the school year 1948-1949 would have been $3600. That on July 9, 1948 she received from Covington public schools a communication made Exhibit "A" to the complaint as follows:

"Covington Public Schools

Covington, Indiana<br>July 9, 1948

"Miss Thelma Tittle
Covington, Indiana

Dear Miss Tittle:

"As you have read in the notices of consolidation appearing in local papers, the present Covington-Troy Township Consolidated Schools Corporation ceases to exist as of August 1, 1948, and the Covington Community School Corporation becomes the new corporate today.

"Under the present school law your contract with the present school corporation ceases with the termination of this corporation's administration.

"As the already elected or appointed members of the New Covington Community School Corporation's Board of School Trustees, representing a majority of the board which will administer the schools after August 1, 1948, we wish to advise

you that your teacher's contract will not be renewed with the new corporation.

Very truly yours,

(Signed)  THOMAS A. McGURK
(Signed)  MAX KELLER
(Signed)  LOUIS F. HENDERSON."

Prayer for mandate to appellees commanding them to respect relator's tenure status and to enter into a contract with her to teach in appellees' schools, for $5000 damages and all proper relief.

To this complaint appellees filed a general demurrer which was sustained by the trial court. Appellant declined to plead further. Judgment was rendered against relator from which this appeal is taken.

The first question presented by appellees on the appeal is that "the second amended complaint does not show any legal relationship between 'Covington-Troy Township Consolidated Schools' and Covington Community Consolidated Schools." Appellant contends that this question was not presented to the court below and is first presented on appeal. The memoranda to the demurrer supports this contention of appellant and appellees do not contend to the contrary. However, it has long been the policy of this court to search the record to find causes for sustaining the trial court's action.

So searching the record we find in the first grammatical paragraph of relator's second amended complaint, an averment as follows:

"The Relator in the above entitled cause would respectfully show the Court herein that the defendant, the Covington Community Consolidated Schools, of Fountain and Warren Counties, Indiana, is the duly organized school corporation pursuant to Chapter 123 of the Acts of 1947; which came into existence August first, 1948, and that

as of the first day of August, 1948, the School City of Covington, Fountain County, Indiana, Troy School Township, Fountain County, Indiana, Covington-Troy Consolidated Schools, Fountain County, Indiana, and Mound School Township, Warren County, Indiana, ceased to exist."

The third grammatical paragraph of the complaint is as follows:

"The Relator would further show that the School City of Covington, and Troy School Township were and had been for some years prior to August first, 1948, consolidated under the Provisions of Chapter 134 of the Acts of 1925 as amended and operated as the Covington-Troy Township Consolidated Schools."

In the seventh grammatical paragraph of the complaint she pleads Exhibit "A" to her complaint, heretofore copied in this opinion as appellees' effort to cancel her contract.

It has long been the statutory law of this state that:

"In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties; but when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." § 2-1048, Burns' 1946 Replacement.

See also § 376, R. S. 1881; *Monnett et al.* v. *Turpie et al.* (1892), 132 Ind. 482, 485, 32 N. E. 328.

Before the enactment of § 2-1005, Burns' 1946 Replacement this court had held that under the code it is not necessarily the rule that a pleading must be construed most strongly against the pleader. On the contrary "when substantial justice will

be promoted thereby, a liberal construction is required."
*Dickensheets and Another* v. *Kaufman and Another*
(1867), 28 Ind. 251, 252. And under § 376, R. S.
1881; § 2-1048, Burns' 1946 Replacement, *supra,* this
court announced the rule that,

> "The pleading is to be read in the light of all
> such ultimate facts as must necessarily be intended
> from the facts which are well pleaded. A com-
> plaint ought to be fairly construed, and it is often
> the fact that matters of substance are shown by
> the very narrative of the manner in which an oc-
> currence took place." (authorities). *Town of
> New Castle* v. *Grubbs* (1908), 171 Ind. 482, 489,
> 86 N. E. 757; *Domestic Block Coal Co.* v. *DeArmey*
> (1913), 179 Ind. 592, 601, 609, 100 N. E. 675, 102
> N. E. 99; *Fauvre Coal Co.* v. *Kushner* (1919), 188
> Ind. 314, 325, 123 N. E. 409; *Pittsburgh, etc., R.
> Co.* v. *Welch* (1913), 54 Ind. App. 335, 338, 101
> N. E. 748.

Of course, essential exhibits filed with a pleading
may be considered by this court if they will assist in
curing uncertainties in pleadings. *Blount* v.
Rick (1886), 107 Ind. 238, 243, 5 N. E. 898, 8
N. E. 108; *Penn-American, etc. Co.* v. *Harshaw,
etc., Co.* (1910), 46 Ind. App. 645, 650, 90 N. E. 1047.

In the absence of any motion in the court below to
require the plaintiff to state the facts necessary to
sustain the conclusions that must be intended
from the pleadings noted, the objection now
asserted must be deemed waived. Section 2-1005,
Burns' 1946 Replacement, *supra.*

The remaining controversy here has arisen solely
because the school corporation with which relator has
a tenure contract, has been consolidated with other
schools under authority of Ch. 123, Acts 1947; §§ 28-
5901 to 28-5911, Burns' 1948 Replacement (1949
Supp.). Relator contends that under this law her

tenure rights, and privileges "shall be deemed to have accrued to and be assumed by the new consolidated school corporation." That to the extent her tenure contract was a debt of the former school corporation it "shall be assumed and paid by such new consolidated school corporation." That to the extent her tenure contract obligated her to the old school corporation all such obligations, privileges and rights "shall be and are granted to such new consolidated school corporation." Appellees contend that when the old school corporation with which relator had a tenure right was abandoned her tenure contract obligations, rights and privileges must also be deemed to have been abandoned.

In Indiana, teacher tenure is based wholly on contract. This proposition is no longer open to question. It is also based upon the public policy of protecting the educational interests of the state.

It should be liberally construed to effect its general purpose since it is legislation in which the public at large is interested. *Bruck* v. *State ex rel. Money* (1950), 228 Ind. 189, 91 N. E. 2d 349, 354, and cases there cited; *State ex rel. Clark* v. *Stout, Trustee* (1933), 206 Ind. 58, 65, 187 N. E. 267; *The Board of Commisioners of Vigo Co.* v. *Davis et al.* (1893), 136 Ind. 503, 510, 511, 36 N. E. 141; *Ryan* v. *Vanlandingham* (1856), 7 Ind. 416, 422; *Engel* v. *Mathley* (1943), 113 Ind. App. 458, 469, 48 N. E. 2d 463.

There is nothing in the title of Ch. 123, Acts 1947, page 409, indicating any intention on the part of the General Assembly to legislate concerning the teacher tenure law. It is wholly a law providing a way for the consolidation of schools, presumably for their more efficient operation. A careful consideration of the entire act with special attention to Section 7 thereof fails to indicate, even remotely, that the legislature had any intention that the legisla-

tion should affect the tenure law. On the contrary Section 7 clearly protects both parties to existing teacher contracts including, of course, tenure contracts, for with respect to the abandoned schools it provides that,

> ". . . all their school property, rights, and privileges as well as any indebtedness it may have, shall be deemed to have accrued to *and be assumed by* the new consolidated school corporation, and the title of such property shall pass to and become vested in the consolidated school corporation, and all debts of the former school corporations *shall be assumed and paid by such new consolidated school corporation,* and all the privileges and rights conferred by law upon such school townships, school towns or school cities *shall be and are granted to such new* consolidated school corporation." (Our italics).

From this section it is quite apparent the legislature made a direct effort to protect both the teacher and the public in teacher tenure rights, by transferring them to the new consolidated school corporation. See Opinions of the Attorney General of Indiana (1936), pp. 172, 173.

But if we should assume that the legislature by this act, expressly or by implication, intended to cancel all existing tenure contracts held by the abandoned school corporations with teachers, would such cancellation be valid? Evidently not, for such action would violate Article 1, Sec. 10 of the United States Constitution, and Article 1, Sec. 24 of the Constitution of Indiana, each of which prohibits the passing of any "law impairing the obligation of contracts." *Bruck* v. *State, supra,* and cases cited.

The record in this case presents no question concerning the cancellation of relator's tenure contract for cause as specified in § 28-4308, Burns' 1948 Replacement.

For the reasons given the judgment is reversed with instructions to overrule the demurrer to appellant's second amended complaint, and further action agreeable with this opinion.

NOTE.—Reported in 96 N. E. 2d 334.