MARION TEACHERS ASSOCIATION,
Plaintiff-Appellant,

v.

The GRANT COUNTY SPECIAL EDU-
CATION COOPERATIVE, and the
Board of School Trustees of the Marion
Community Schools, On Behalf of It-
self and All Other School Corporations
Participating in the Grant County Spe-
cial Education Cooperative, Defend-
ants-Appellees.

No. 27A02–8602–CV–00048.

Court of Appeals of Indiana,
First District.

Nov. 24, 1986.

Janet C. Knapp, Richard J. Darko, Tab-
bert, Cremer & Capehart, Indianapolis, for
plaintiff-appellant.

David J. Emmert, Indianapolis, for ami-
cus curiae Ind. School Bds. Ass'n.

Kenneth D. Kauffman, Beaman & Kauff-
man, Marion, for defendants-appellees.

RATLIFF, Justice.

### STATEMENT OF THE CASE

The Marion Teachers Association appeals
the trial court's order of summary judg-
ment in favor of the appellees. We affirm.

### FACTS

The facts in this case are not in dispute.
On July 1, 1984, Marion Community
Schools, Eastbrook Community Schools,
Madison-Grant United School Corp., Missis-
sinewa Community School Corp., and Oak
Hill United School Corp. (hereafter re-
ferred to as the participating school corpo-
rations) entered into an agreement creating
the Grant County Special Education Coop-
erative (Cooperative). The agreement was
made for the express purpose of providing
"administration and supervision of pro-
grams and services for [handicapped] chil-
dren." Record at 10. The agreement
states that its authority is derived from
Indiana Code sections 20–5–11–1 through
20–5–11–5 and "Rule S–1" (510 Ind.Admin.
Code 7–1–1 through 7–1–12) which provides
for joint programs among school corpora-
tions. The agreement designates the Mari-
on Community School Corporation as the
administrative and fiscal agent of the coop-
erative. The only joint employee of the
cooperative pursuant to the agreement is
the director of special education. Special
education teachers are employed under con-

tract with the school corporation of the district in which they teach.[2]

The Marion Teachers Association (teachers association) is the exclusive bargaining representative of all teachers employed by the Marion Community Schools. The teachers association alleges that the cooperative agreement is invalid because it does not comply with the legislative edicts.

## ISSUE

Did the trial court err in granting summary judgment by holding that the cooperative agreement did not violate state law?

## DISCUSSION AND DECISION

■ As our supreme court recently observed, "Summary judgment is not an appropriate vehicle for the resolution of questions of credibility or weight of the evidence, or conflicting inferences which may be drawn from undisputed facts." *Bell v. Northside Finance Corp.* (1983), Ind., 452 N.E.2d 951, 953. The granting of a motion for summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *First Savings and Loan Association v. Treaster* (1986), Ind.App., 490 N.E.2d 1149, 1151 (transfer pending); Indiana Rules of Procedure, Trial Rule 56(C). Our standard of review of the trial court's order for summary judgment is the same as that utilized by the trial court. *Number One Beverage, Inc. v. Miller Brewing Co.* (1982), Ind.App., 437 N.E.2d 508, 512. The teachers association does not dispute any facts in the case under consideration; it merely alleges that the cooperative was not entitled to summary judgment as a matter of law.

■ Indiana Code section 20–1–6–20 authorizes two or more school corporations to form a special education cooperative. The Indiana legislature described the nature of joint educational programs in Indiana Code section 20–5–11–1(c) as follows:

"(c) 'Joint program' shall be the joint employment of personnel, joint purchase of supplies or other material, and/or joint purchase or lease of equipment, joint lease of land, or buildings, or both, and/or joint construction of, remodeling of, or additions to school buildings, by two [2] or more school corporations, for a particular program or purpose. Such joint action shall include, but not be limited to, the joint investment of money under IC 5–13–1, data processing operations, vocational education, psychological services, audiovisual services, guidance services, and special education. This shall include any joint purchasing related to the acquisition of supplies or equipment which are not to be used jointly."

The teachers association apparently would ask us to read this definition as requiring a cooperative to employ teachers so as to be subject to the additional statutory provisions. However, we interpret the statutory provision to the contrary. Although the word "shall" is utilized, we do not read this as mandating the cooperative's employment of special education teachers. In defining a "joint program" in Ind.Code § 20–5–11–1(c), the legislature twice used the phrase "and/or" in discussing the types of activities which the cooperative can undertake. We therefore hold that a cooperative can choose not to employ special education teachers. *Accord Paul v. Metropolitan School District* (1983), Ind.App., 455 N.E.2d 411, 413. To hold otherwise would restrict greatly the ability of participating school corporations to formulate a joint program which best serves their particular needs. If we read "shall" as mandating all of the activities listed in the statute, a cooperative would have to jointly employ personnel, purchase supplies and materials, purchase or lease equipment, lease realty, and construct or remodel buildings. This is clearly not what the legislature contemplated. Thus, the Grant County Special Education Cooperative properly chose to hire only one person, the director of special

2. Teachers who teach in more than one district are employed under contract with the adminis-

trative agent, Marion Community Schools.

education, to administer the participating schools' special education program; the schools, not the cooperative, were responsible for hiring teachers.[3]

Our conclusion is not changed by any other statute dealing with joint programs. Indiana Code section 20–5–11–3.5 provides that teachers in the joint program who do not have prior service in any of the participating schools will be considered as employees of the administering school corporation with the same attending rights and privileges as other teachers of that school corporation. Indiana Code section 20–5–11–3.6 provides that joint program teachers who have existing years of service with one of the participating school corporations will continue to have the same rights and privileges as a teacher in that corporation. However, we hold that these two provisions apply only to teachers who are employed directly by the cooperative. They do not apply to teachers who are employed by individual schools which coincidentally participate in a joint program which is responsible only for the administration of the various special education programs. While the teachers association is correct in its assertion that school corporations cannot defeat the continuing and indefinite contract rights of teachers by reorganizing the manner in which they provide educational services, *e.g.*, *State ex rel. Tittle v. Covington Community Consolidated Schools* (1951), 229 Ind. 208, 96 N.E.2d 334, there was no allegation in the complaint that any of the affected teachers' rights were violated by the joint program. The teachers association merely alleged that the cooperative agreement contravened statutory law. Since the agreement does not violate Ind.Code §§ 20–5–11–1 through 20–5–11–5, the trial court did not err in concluding that the cooperative was entitled to summary judgment as a matter of law.

Judgment affirmed.

ROBERTSON, P.J., and NEAL, J., concur.

3. The teachers association suggests that the director of special education was responsible for hiring special education teachers, thus rendering them employees of the cooperative. However, the director merely assisted the schools in selecting teachers.